UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAJAN CHAHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>CREDIT SUISSE GROUP AG, DAVID R. MATHERS and TIDJANE THIAM,<br><br>      Defendants. | Case No. 1:18-cv-02268 (AT) (SN) |
| GLEN EISENBERG, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>CREDIT SUISSE AG and JANUS INDEX & CALCULATION SERVICES LLC,<br><br>      Defendants. | Case No. 1:18-cv-02319 (AT) (SN) |
| SHAOLEI QIU, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>CREDIT SUISSE GROUP AG and JANUS INDEX & CALCULATION SERVICES LLC,<br><br>      Defendants. | Case No. 1:18-cv-04045 (AT) (SN) |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF THE XIV INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT
AS LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION
OF LEAD COUNSEL AND IN OPPOSITION TO THE OTHER MOTIONS**

**PRELIMINARY STATEMENT**

Class members Howard Cannon, Naresh Puri, Nick Singh, Zero Labs Group, LLC, and David Silver and Michelle Lynn Silver GST ("XIV Investor Group") respectfully submit this Memorandum of Law in support of its motion for: (1) consolidation of the above-captioned actions (the "Actions"); (2) appointment as Lead Plaintiff in the consolidated actions pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, and 15 U.S.C. § 77z-4, and (3) approval of its selection of Milberg Tadler Phillips Grossman LLP ("Milberg Tadler") and Gibbs Law Group LLP ("Gibbs Law Group") as Lead Counsel, pursuant to the PSLRA.[1]

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Presently pending in this District are three related securities class action lawsuits (the "Actions") alleging securities law violations on behalf of persons who purchased or otherwise acquired securities of VelocityShares Inverse VIX Short Term Exchange Traded Notes (the "Notes") during the period from January 29, 2018, through February 5, 2018, inclusive ("Class Period"). This motion is governed by the PSLRA, which provides a procedure to be implemented at the outset of securities class actions. *See, e.g.*, *Lang v. Tower Group Int'l, Ltd.*, No. 13 Civ. 5852, 2014 U.S. Dist. LEXIS 86496 (S.D.N.Y June 17, 2014) (Torres, J.); *Stitt v. On Deck Capital, Inc.*, No. 15 Civ. 6126, 2016 U.S. Dist. LEXIS 30507 (S.D.N.Y. Feb. 17, 2016) (Torres, J.).

---

[1] Two of the three actions allege violations of both the Securities Act of 1933 and Securities Exchange Act of 1934. The PSLRA's lead plaintiff provisions are identically incorporated into both statutes. For simplicity, we cite to the Exchange Act (15 U.S.C. § 78u-4).

First, if there are multiple related cases, courts should consolidate them pursuant to Fed. R. Civ. P. 42. The Actions allege significantly overlapping facts and claims, and readily meet the requirements of Rule 42.

Next, courts should appoint Lead Plaintiff and Lead Counsel based on the motion of any class member, to be made within 60 days of the issuance of a statutory notice by the plaintiff filing the first action. As detailed below, such notice was properly issued on March 14, 2018, and the deadline for the motion is May 14, 2018. Under the PSLRA, the Court must adopt a presumption that the most adequate plaintiff is the person or group of persons who:

(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See also Lang*, 2014 U.S. Dist. LEXIS 86496, at *8. Once the presumption is established, it may only be rebutted with proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated below, the XIV Investor Group has a financial interest of $12,514,005, which it believes to be the largest financial interest of any movants. In addition, the XIV Investor Group has claims typical of all other class members, and will more than adequately protect their interests. Finally, the Court should approve counsel selected by Lead Plaintiffs as Lead Counsel unless the selection is so inappropriate as to endanger the class. The XIV Investor Group

proposes Milberg Tadler and Gibbs Law Group as Lead Counsel. As demonstrated below, the firms have successfully represented investors in securities class actions for decades, recovered billions in damages, and will more than adequately represent the class.

## SUMMARY OF FACTS[2]

The Notes are senior unsecured debt obligations of Credit Suisse AG that traded actively over the NASDAQ exchange under the symbol XIV.  In broad terms, the Notes in general aim to return the inverse of movements in the VIX, an index used as a popular measure of market volatility.  Although the index itself does not trade, various securities are tied to the value of the VIX, including futures contracts.

Plaintiff and each member of the Class purchased the Notes pursuant to a registration statement, including prospectuses and pricing supplements (collectively, the "Registration Statement"), that was active during the Class Period.  The Registration Statement was materially false and misleading about a metric crucially important to investors.  The pricing supplements were issued on the following dates, among others: January 29, 2018, August 18, 2017, June 30, 2017, and August 9, 2016, and contained identical or substantively similar representations.

The Registration Statement issued on January 29, 2018, was materially false and misleading because it misrepresented the updating and accuracy of an important valuation metric, the Intraday Indicative Value, and failed to disclose that: (i) contrary to representations, the Intraday Indicative Value was not updated every 15 seconds based on the real-time calculation of the relevant index (SPVXSPID) applying the real-time prices of the relevant VIX futures contracts; and (ii) the Intraday Indicative Value was not an accurate gauge of the economic value of the Notes. The representations concerning the Intraday Indicative Value were

---

[2] These facts derive from the allegations in the *Chahal* action.

additionally false and misleading because they did not reflect the represented calculation of that metric.

On February 5, 2018, between 4:10 p.m. and 5:09 p.m., the Intraday Indicative Value, was incorrectly represented to be between $24.7 to $28.6 per Note. The Intraday Indicative Value between 4:10 p.m. and 5:09 p.m. -- had it been calculated as Credit Suisse represented in the registration statement -- was between $4.22 and $4.4 per Note, materially less than the inflated amount of $24.7 to $28.6 per Note. Beginning at 5:10 p.m., the Intraday Indicative Value began to update, showing a value of $4.22 per Note. XIV was inflated as a result of the inflated Intraday Indicative Value, trading at $92.80 per Note at 4:09 p.m. and falling to $37.34 per Note at 5:10 p.m. The trading price of the Notes hit a low of $10 per Note at 6:30 p.m. and closed at $15.43 at 8:00 p.m.

On February 6, 2018, Credit Suisse issued a press release stating that it was accelerating the Maturity Date of the Notes. Their last trading day was February 20, 2018.

## ARGUMENT

### POINT I

### THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that where there is more than one action on behalf of a class asserting substantially the same claim or claims, a court shall not appoint a lead plaintiff until after the court decides the motion to consolidate. 15 U.S.C. § 78u-4(1)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law *or* fact. Fed. R. Civ. P. 42 (a).

The Actions are federal securities class actions on behalf of Notes purchasers, and allege materially false and misleading statements in the Registration Statement by at least one

5

overlapping defendant, Credit Suisse Group AG, over the same Class Period. Accordingly, they should be consolidated for all purposes.

The actions are not identical. For example, the *Eisenberg* and *Qiu* actions allege violations of the Securities Exchange Act of 1934 and the Securities Act of 1933, while *Chahal* alleges violations only of the former. Additionally, besides the common defendant, there are non-overlapping defendants. Such differences, however, do not preclude consolidation given the common questions involved in both actions. *See generally GGCC, LLC v. Dynamic Ledger Sols., Inc.*, No. 17-cv-6779, 2018 U.S. Dist. LEXIS 43728, at *10 (S.D.N.Y. Mar. 16, 2018) ("'[c]onsolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate.'") (citation omitted).

## POINT II

### THE XIV GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

**1. The XIV Group Has Timely Moved for Appointment as Lead Plaintiff**

Pursuant to the PSLRA, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). The relevant notice was published in *Business Wire* on March 14, 2018. A copy of this notice is annexed as Exhibit A to the Declaration of Andrei V. Rado ("Rado Decl."). Notice publication through *Business Wire* has uniformly been recognized as meeting the requirement that notice be published "in a widely circulated national business oriented publication or wire services." *See, e.g., Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996), *aff'd*, 194 F.3d 185 (1st Cir. 1999). Pursuant to the PSLRA, the lead plaintiff motion deadline is 60 days after publication of the first notice, here falling on May 14, 2018. *See* 15 U.S.C. § 78u-4(a)(3)(A). The XIV Investor Group's motion is timely.

6

### 2. XIV Investor Group Has The Requisite Financial Interest In The Relief Sought By The Class

Pursuant to the PSLRA, identification of the most adequate plaintiff begins with the identification of the movant with "the largest financial interest in the relief sought by the class." Although the PSLRA does not prescribe a specific methodology to calculate financial interest, courts generally consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period. *See Lang*, 2014 U.S. Dist. LEXIS 86496, at *9. Of these, "the fourth factor is viewed as the most important." *Id*.

During the Class Period, as evidenced by the respective certifications signed by each member of the XIV Investor Group detailing their transactions in the Notes (*see* Rado Decl. Exhibit B), and the analysis of their losses based on those transaction (*see* Rado Decl. Exhibit C), the XIV Investor Group has sustained total losses of $12,514,005. Upon information and belief, this is the largest of any competing lead plaintiff movant. Therefore, the XIV Investor Group is the movant with the largest financial interest.

### 3. XIV Investor Group Otherwise Satisfies Rule 23

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." As this Court has held, a lead plaintiff need only establish a *prima facie* meeting of two of the four requirements of Rule 23: "(1) the 'typicality' requirement, meaning his claims are typical of the class such that they arise from the same course of events, and the other class members make similar legal arguments to prove liability, and (2) the 'adequacy' requirement, meaning he can fairly and adequately represent the interests of the class, his interests are not antagonistic to those of the class, and he

has retained capable counsel who is qualified to pursue the litigation. *Stitt*, 2016 U.S. Dist. LEXIS 30507, at *8.

Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See In re Oxford Health Plans,* 182 F.R.D. 42, 50 (S.D.N.Y. 1998). The XIV Investor Group satisfies the typicality requirement of Rule 23 because, just like all other class members, it purchased Notes during the Class Period on the open market, and was injured by the same misrepresentations in the same Registration Statement and by the collapse of the value of the Notes on February 5, 2018. *See Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.,* No. 11 Civ. 5097, 2011 U.S. Dist. LEXIS 117545, at *5 ("The typicality requirement is easily met here. [Lead plaintiff], like the other purported plaintiffs in this lawsuit, has asserted that it purchased Fairfax securities during the class period and was injured by false and misleading representations made by defendants in violation of the Securities and Exchange Acts.").

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." To be "adequate," a lead plaintiff must show that (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Dookeran v. Xunlei Ltd.,* No. 18-cv-467, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (Sullivan, J.).

The XIV Investor Group will more than adequately represent the interests of the Class. There is no conflict between the interests of the XIV Investor Group and those of the other members of the Class. As demonstrated below, its proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation, and its loss is $12,514,005. Thus, the

XIV Investor Group satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion and should be appointed as Lead Plaintiff.

## POINT III

## THE XIV INVESTOR GROUP'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

Under the PSLRA, lead plaintiffs are given the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). This selection should be approved unless necessary to "protect the interests of the [plaintiff] class." 15 U.S.C. § 78u4(a)(3)(B)(iii)(II)(aa). *See In re Cendant Corp. Litig.*, 264 F.3d 201, 222-23 (3d Cir. 2001). The XIV Investor Group's choice of counsel, Milberg Tadler and Gibbs Law Group, are highly experienced class counsel.

Milberg Tadler was established in 2018 by members of Milberg LLP, a pioneer in the field of securities and other class actions, and Sanders Phillips Grossman LLC, a nationally recognized plaintiffs' law firm representing consumers in mass tort and personal injury cases. Milberg LLP was founded in 1965 and has spearheaded as lead or Lead counsel landmark securities cases, recovering billions of dollars for investors. *See, e.g., In re Merck & Co., Inc. Securities Litigation*, Nos. 05-1151 and 05-2367 (D.N.J.) (Milberg Tadler was co-lead in this case, which resulted in a decision by the United States Supreme Court that settled for $1.06 billion); *In re Vivendi Universal, S.A. Securities Litigation* (jury verdict for plaintiff class); In re Tyco Int'l Ltd., Sec. Litig., MDL No. 02-1335-B ($3.2 billion settlement); *In re Nortel Networks Corp., Sec. Litig.*, No. 01-CV-1855 (S.D.N.Y.) ($1.1 billion settlement); *In re Lucent Techs., Inc., Sec. Litig.*, No. 00-CV-621 (D.N.J.) ($600 million settlement); *In re Raytheon Co. Sec. Litig.*, No. 99-CV-12142 (E.D. Mass.) ($460 million settlement); *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02-CV-7527 (N.D. Ill.) ($215 million settlement); and *In re Initial Public Offering Sec. Litig.*, No. 21-92 (S.D.N.Y.) (as a member of the court-appointed Plaintiffs'

Executive Committee, oversaw the efforts of approximately 60 plaintiffs' firms in 310 consolidated securities actions arising from an alleged market manipulation scheme, culminating in a settlement of $586 million). Additional accomplishments are discussed in Milberg Tadler's firm résumé, attached as Ex. D to the Rado Decl.

Gibbs Law Group attorneys have served as lead and co-lead counsel on behalf of more than a dozen institutional investors and have secured significant recoveries on behalf of investors in some of the most prominent securities fraud cases in recent decades. This experience includes the landmark recovery of $3.2 billion for the class in *In re Tyco Ltd. Sec. Litig.*, MDL No. 02-1335-PB (D.N.H); a settlement of $2.4 billion for the class in *In re Bank of America Corp. Sec. Litig.*, 09-MDL-2058 (S.D.N.Y.); a $627 million settlement *In re Wachovia Corp. Preferred Sec. and Bond/Notes Litig.*, 09-cv-6351 (S.D.N.Y.); a $615 million settlement in *In re Lehmann Brothers Equity/Debt Sec. Litig.*, 08-cv-5523 (S.D.N.Y.); a $100 million settlement in *In re Am. Express Fin. Advisors Secs. Litig.*, No. 04-cv-01773 (S.D.N.Y.); and settlements that delivered more than $75 million to investors in *In re Peregrine Fin. Group Customer Litig.*, No. 12-cv-5546 (N.D. Ill.). Recently, Gibbs attorneys were appointed Lead Counsel in *Deora v. NantHealth*, No. 2:17-cv-01825-BRO-MRW (C.D. Cal. May 31, 2017) (finding that the attorneys "have significant securities class action litigation experience and have achieved highly favorable settlements for plaintiffs in previous actions"). *See also* Rado Decl. Ex. E.

Thus, the Court can be assured that by granting this motion, the proposed Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, XIV Investor Group satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). XIV Investor Group

respectfully requests that this Court: (1) consolidate the Actions pursuant to Fed. R. Civ. P. 42(a); (2) appoint it as Lead Plaintiff pursuant to § 21D(a)(3)(B); and (3) approve its selection of Milberg Tadler and Gibbs Law Group as Lead Counsel.

DATED: May 14, 2018                                      Respectfully submitted,

/s/ *Andrei V. Rado*

**MILBERG TADLER PHILLIPS GROSSMAN LLP**
Ariana J. Tadler
atadler@milberg.com
Robert A. Wallner
rwallner@milnerg.com
Andrei V. Rado
arado@milberg.com
One Pennsylvania Plaza, 19th Floor
New York, New York 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
E-mail: atadler@milberg.com
          rwallner@milberg.com
          arado@milberg.com

**GIBBS LAW GROUP LLP**
Eric H. Gibbs
ehg@classlawgroup.com
John Kehoe
jak@classlawgroup.com
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

*Proposed Lead Counsel*