UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAJAN CHAHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT SUISSE GROUP AG, DAVID R. MATHERS and TIDJANE THIAM,<br><br>Defendants. | Civil Action No. 1:18-cv-02268-AT-SN<br><br><u>CLASS ACTION</u> |
| GLENN EISENBERG, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT SUISSE AG and JANUS INDEX & CALCULATION SERVICES LLC,<br><br>Defendants. | Civil Action No. 1:18-cv-02319-AT-SN<br><br><u>CLASS ACTION</u> |
| SHAOLEI QIU, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT SUISSE GROUP AG and JANUS INDEX & CALCULATION SERVICES LLC,<br><br>Defendants. | Civil Action No. 1:18-cv-04045-UA<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
Y-GAR CAPITAL LLC FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT ...........................................................................................1

II.  FACTUAL BACKGROUND................................................................................................2

III. ARGUMENT.........................................................................................................................3

    A.  The Actions Should Be Consolidated ......................................................................3

    B.  Y-GAR Capital Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff..............................................................................................4

        1.  Y-GAR Capital Has Complied with the PSLRA's Procedural Requirements ................................................................................................5

        2.  Y-GAR Capital Has the Requisite Financial Interest in the Relief Sought by the Class.....................................................................................5

    C.  The Court Should Approve Y-GAR Capital's Choice of Lead Counsel .................7

IV.  CONCLUSION......................................................................................................................7

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Glauser v. EVCI Career Colleges Holding Corp.*,
  236 F.R.D. 184 (S.D.N.Y. 2006) ................................................................................................3

*In re Enron Corp. Sec. Derivative & ERISA Litig.*,
  586 F. Supp. 2d 732 (S.D. Tex. 2008) ........................................................................................7

*Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.*,
  No. 15-CV-3599 (KMW), 2015 U.S. Dist. LEXIS 153202 (S.D.N.Y. Nov. 12, 2015) ........5, 6

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) .....................................................................................................3

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ..................................................................................................3

## I. PRELIMINARY STATEMENT

Presently pending before this Court are three securities class action lawsuits (the "Actions") on behalf of all investors who purchased or otherwise acquired Credit Suisse AG ("Credit Suisse" or the "Company") VelocityShares Daily Inverse VIX Short Term exchange traded notes ("Inverse VIX Short ETNs") between January 29, 2018 and February 5, 2018, inclusive (the "Class Period"). The Actions allege violations of Section Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78u-4 *et seq.*) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).[1]

Proposed lead plaintiff Y-GAR Capital LLC hereby moves this Court for an order: (i) consolidating the above-captioned related Actions pending in this District pursuant to Federal Rule of Civil Procedure 42; (ii) appointing Y-GAR Capital as Lead Plaintiff; and (iii) approving Y-GAR Capital's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel.

This motion is made on the grounds that the Actions pending in this District involve common questions of law and fact, rendering consolidation appropriate under Rule 42. Further, Y-GAR Capital is the most adequate plaintiff, as defined by the PSLRA, because it possesses a significant financial interest in the Actions, and it otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class. Accordingly, Y-GAR Capital's motion should be granted.

---

[1] The second filed case, *Eisenberg v. Credit Suisse AG, et al*, No. 1:18-cv-02319-AT-SN, also alleges a claim for violation of Section 11 of the Securities Act of 1933.

## II.    FACTUAL BACKGROUND

Credit Suisse is a multi-national financial services holding company with one of its four primary divisions focused on investment banking. In 1993 the Chicago Board Options Exchange ("CBOE") created a measurement of the market expectations of near-term volatility conveyed by the S&P 500 Index options price called the CBOE Volatility Index ("VIX Index"). The CBOE calculated the VIX Index based on the real time pricing of S&P 500 Index put and call option contracts by averaging the weighted prices of such options over a wide range of strike prices. Futures contracts on the VIX Index were created and made available to investors so they could invest in forward volatility based on their assessment of the future movement of the VIX Index.

Exchange traded notes ("ETNs") are unsecured debt obligations of financial institutions with return based on the performance of an underlying index. Inverse ETNs are similar, but their value is calculated using the inverse of the performance of the underlying index. The Inverse VIX Short ETNs are inverse ETNs based on the performance of the underlying S&P 500 SPVXSP Index, which seeks to model the outcome of holding long positions in VIX futures.

Credit Suisse issued Inverse VIX Short ETNs through multiple offerings, with the last offering issued through a January 29, 2018 pricing supplement. The complaints allege that defendants were actively manipulating the Inverse VIX Short ETNs by liquidating Credit Suisse's holdings in various financial products to avoid a loss to the detriment of investors.

On February 5, 2018, at the close of the market, Inverse VIX Short ETNs closed at $99 per share. By 6:28 pm, however, the price per Inverse VIX Short ETN had declined to a low of $10.16, a drop of approximately 90%. Then on February 6, 2018, Credit Suisse announced that an Acceleration Event (which would be triggered "if at any point, the Intraday Indicative Value is equal to or less than twenty percent (20%) of the prior day's Closing Indicative Value") had occurred intraday on February 5, 2018, and that the "last date of trading for [Inverse VIX Short ETNs] is

expected to be February 20, 2018. As of the date hereof, Credit Suisse will no longer issue new units" of the ETNs. Later on February 6, 2018, Credit Suisse disclosed that it had experienced "no trading losses" from the Inverse VIX Short ETNs, even though Credit Suisse held significant amounts of short volatility financial products, including the VIX futures.

### III. ARGUMENT

#### A. The Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). In these instances, courts maintain that, in order to avoid the unnecessary waste of judicial resources and the additional costs and delay to the parties, lawsuits which involve similar questions of law and fact should be consolidated. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

At present, there are three securities class actions pending before this Court against Credit Suisse and certain of its officers: (i) *Chahal v. Credit Suisse Group AG, et al.*, No. 1:18-cv-02268-AT-SN, filed March 14, 2018; (ii) *Eisenberg v. Credit Suisse AG, et al*, No. 1:18-cv-02319-AT-SN, filed March 15, 2018; and (iii) *Qiu v. Credit Suisse Group AG, et al.*, No. 1:18-cv-04045-AT, filed May 4, 2018. These actions present virtually identical factual and legal issues and name overlapping defendants. Because the Actions pending before this Court are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); s*ee also Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006)

("[C]onsolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports.").[2]

### B. Y-GAR Capital Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented, wire service, on March 14, 2018. *See* Rosenfeld Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Chapter is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .

---

[2]  Citations, internal quotations, and footnotes omitted and emphasis added unless noted otherwise.

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.*, No. 15-CV-3599 (KMW), 2015 U.S. Dist. LEXIS 153202, at *5-6 (S.D.N.Y. Nov. 12, 2015). Y-GAR Capital meets each of these requirements and should be appointed as Lead Plaintiff.

### 1. Y-GAR Capital Has Complied with the PSLRA's Procedural Requirements

Pursuant to the PSLRA, and within the requisite time frame after the notice was published on March 14, 2018, Y-GAR Capital timely moves this Court to be appointed Lead Plaintiff by the May 14, 2018 deadline. In addition, Bobby Yadegar, the owner and operator of Y-GAR Capital with complete authority of Y-GAR Capital's investment strategies and decisions, has signed and filed a Certification stating that Y-GAR Capital is willing to serve as the representative party on behalf of the class. *See* Rosenfeld Decl., Ex. B. In addition, Y-GAR Capital has selected and retained competent counsel to represent it and the class. *See* Rosenfeld Decl., Ex. D. Accordingly, Y-GAR Capital is eligible to have its motion considered by the Court.

### 2. Y-GAR Capital Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Y-GAR Capital incurred a substantial loss of approximately $10.25 million as a result of defendants' alleged wrongdoing. Rosenfeld Decl., Exs. B, C. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Y-GAR Capital satisfies the PSLRA's prerequisite of having the largest financial interest. Y-GAR Capital, thus, has a substantial financial interest in this case.

### a.     Y-GAR Capital Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B).  At this stage of the litigation, for purposes of Rule 23, the Court need only consider the proposed lead plaintiff's typicality and adequacy.  *See FXCM*, 2015 U.S. Dist. LEXIS 153202, at *13-15.

The typicality requirement of Rule 23(a)(3) is met where "'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. at *13.  Y-GAR Capital satisfies this requirement because, just like all other class members, it:  (1) purchased Inverse VIX Short ETNs during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby.

The adequacy requirement of Rule 23 is satisfied if the lead plaintiff "fairly and adequately protect[s] the interests of the class." Fed. R. Civ. P. 23(a)(4).  For the requirement to be satisfied, "(1) there should be no conflict between the proposed lead plaintiff and the members of the class, (2) the selected counsel should be qualified, experienced, and able to conduct the litigation, and (3) the lead plaintiff should have a sufficient interest in the outcome to insure vigorous advocacy." *FXCM*, 2015 U.S. Dist. LEXIS 153202, at *14.  Here, Y-GAR Capital is an adequate representative of the class because its interests are aligned with the putative class and there is no evidence of any antagonism between Y-GAR Capital's interests and the class' interests.  Further, Y-GAR Capital has retained competent and experienced counsel to prosecute these claims.

Accordingly, Y-GAR Capital has made a *prima facie* showing that it satisfies the typicality and adequacy requirements for the purposes of this motion.

### C. The Court Should Approve Y-GAR Capital's Choice of Lead Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Y-GAR Capital has selected Robbins Geller to serve as Lead Counsel.

Robbins Geller, a 200-lawyer firm with offices nationwide and in New York, regularly practices complex securities litigation. Rosenfeld Decl., Ex. D. Courts throughout the country, including those in this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Jones v. Pfizer Inc.*, No. 1:10-cv-03864-AKH Transcript of Proceeding, at 42:19-23 – 43:1-2 (S.D.N.Y. Aug. 10, 2015) [ECF No. 502] (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "[w]ithout the quality and the toughness that you exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well . . . . You did a really good job. Congratulations."); *In re Enron Corp. Sec. Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation" of Robbins Geller's attorneys "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").

Because Y-GAR Capital's selection of Robbins Geller is reasonable, its motion should be granted.

### IV. CONCLUSION

The Actions should be consolidated. In addition, Y-GAR Capital has satisfied each of the PSLRA's requirements for appointment as lead plaintiff and approval of its selection of counsel. Accordingly, Y-GAR Capital respectfully requests that the Court grant its motion.

| | |
|---|---|
| DATED: May 14, 2018 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>SAMUEL H. RUDMAN<br>DAVID A. ROSENFELD |

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DOUGLAS WILENS
SABRINA E. TIRABASSI
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
dwilens@rgrdlaw.com
stirabassi@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

LEEDS BROWN LAW, P.C.
JEFFREY K. BROWN
One Old Country Road, Suite 347
Carle Place, NY  11514
Telephone:  516/873-9550
212/661-4370 (fax)
jbrown@leedsbrownlaw.com

Additional Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD