## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAJAN CHAHAL, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>CREDIT SUISSE GROUP AG, DAVID R. MATHERS and TIDJANE THIAM, )<br><br>Defendants. ) | Case No.: 1:18-cv-02268-AT-SN |
| GLENN EISENBERG, on Behalf of Himself and All Others Similarly Situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>CREDIT SUISSE AG and JANUS INDEX & CALCULATION SERVICES LLC, )<br><br>Defendants. ) | Case No.: 1:18-cv-02319-AT-SN |
| SHAOLEI QIU, on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>CREDIT SUISSE GROUP AG and JANUS INDEX & CALCULATION SERVICES LLC, )<br><br>Defendants. ) | Case No.: 1:18-cv-04045-AT |

## MEMORANDUM OF LAW IN SUPPORT OF THE XIV INVESTOR GROUP'S MOTION FOR (1) CONSOLIDATION OF RELATED ACTIONS, (2) APPOINTMENT AS LEAD PLAINTIFF, AND (3) APPROVAL OF SELECTION OF COUNSEL

# TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................................................ ii

TABLE OF AUTHORITIES ...................................................................................................... iii

INTRODUCTION ......................................................................................................................... 1

BACKGROUND ........................................................................................................................... 2

ARGUMENT ................................................................................................................................. 2

    A.    The Related Actions should be consolidated pursuant to Federal Rule of
Civil Procedure 42. ........................................................................................................... 3

    B.    The XIV Investor Group satisfies the procedural requirements for
appointment as Lead Plaintiff. .......................................................................................... 3

    C.    The XIV Investor Group satisfies the legal prerequisites for appointment
as Lead Plaintiff. ............................................................................................................... 5

        1.    The XIV Investor Group is presumptively the most adequate
plaintiff.................................................................................................................... 5

        2.    The XIV Investor Group satisfies Rule 23. ............................................... 6

CONCLUSION ............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Braskem S.A. Sec. Litig.*,
2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015)........................................................................8

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
288 F.R.D. 26 (S.D.N.Y. 2012) .............................................................................................3

*Hargett v. Valley Fed. Sav. Bank*,
60 F.3d 754 (11th Cir. 1995) .................................................................................................3

*Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*,
208 F.R.D. 59 (S.D.N.Y. 2002) .............................................................................................3

*Kux–Kardos v. VimpelCom, Ltd.*,
151 F. Supp. 3d 471 (S.D.N.Y. 2016)....................................................................................7

*In re Millennial Media, Inc. Sec. Litig.*,
87 F. Supp. 3d 563 (S.D.N.Y. 2015)......................................................................................7

*Miller v. United States Postal Serv.*,
729 F.2d 1033 (5th Cir. 1984) ...............................................................................................3

*Mulligan v. Impax Labs., Inc.*,
2013 WL 3354420 (N.D. Cal. July 2, 2013)..........................................................................8

*In re Parmalat Sec. Litig.*,
Case No. 04-md-01653 (S.D.N.Y.) (Kaplan, J.).....................................................................8

*Sallustro v. CannaVest Corp.*,
93 F. Supp. 3d 265 (S.D.N.Y. 2015)......................................................................................5

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
95 F. Supp. 3d 607 (S.D.N.Y. 2015)..............................................................................6, 7, 8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)....................................................................................8

*Weltz v. Lee*,
199 F.R.D 129 (S.D.N.Y. 2001) .........................................................................................3, 7

STATUTES

15 U.S.C. §§ 78u-4, 77z-1 ............................................................................................ *passim*

Securities Act Sections 11 and 15.............................................................................................1

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 23 ................................................................................6, 7

Federal Rule of Civil Procedure 42 ...................................................................................3

Pursuant to the Securities Exchange Act of 1934 (the "Exchange Act") and the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78u-4 and 77z-1, Set Capital LLC, Stefan Jager, Nikolay Drozhzhinov, Aleksandr Gamburg, and ACM Ltd. (collectively, the "XIV Investor Group" or "Movants") move for an Order consolidating the above-captioned cases (the "Related Actions") and appointing the XIV Investor Group as Lead Plaintiff on behalf of themselves and all others similarly situated who purchased VelocityShares Daily Inverse VIX Short Term ETNs ("XIV") between January 29, 2018 and February 5, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws. Movants also seek approval of their selection of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") and Levi & Korsinsky, LLP ("Levi Korsinsky") to serve as Co-Lead Counsel.

The Related Actions have been filed against Credit Suisse Group AG ("Credit Suisse"), its Chief Financial Officer David R. Mathers, its Chief Executive Officer Tidjane Thiam, and Janus Index & Calculation Services LLC ("Janus") (collectively, "Defendants").

As a result of the alleged fraud, the XIV Investor Group collectively suffered losses of $14,383,668.05 as a result of the false and misleading statements made by Defendants during the Class Period. Movants are unaware at this time of any other lead plaintiff movant with a greater loss. Thus, the XIV Investor Group is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because it has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); 15 U.S.C. 77z-1(b). Movants have selected Cohen Milstein and Levi Korsinsky to represent it in this action and seek approval of their selection of Cohen Milstein and Levi Korsinsky to serve as Co-Lead Counsel in the action. Cohen Milstein

and Levi Korsinsky are highly qualified to prosecute securities class actions such as this one and have done so many times before.

## BACKGROUND

Credit Suisse is a Swiss multinational bank that issued XIV securities. Tidjane Thiam was Credit Suisse's CEO at all relevant times. David R. Mathers was Credit Suisse's CFO at all relevant times. On January 29, 2018, Credit Suisse filed a pricing supplement with the Securities Exchange Commission ("SEC") that described XIV's Intraday Indicative Value ("IIV") as the true "economic value" of the XIV notes, and stated that the IIV is calculated every 15 seconds using an underlying index, the S&P 500 VIX Short-Term Futures Index, which Credit Suisse described as being published "in real time." Unbeknownst to purchasers of XIV, during after-hours trading on February 5, 2018, the IIV of XIV notes varied drastically from the true economic value of the notes, causing investors to purchase XIV notes at significantly inflated prices. On February 6, 2018, Credit Suisse issued a press release stating that it would liquidate XIV, which had lost more than 80% of its value the previous day.

As a result of Defendants' false and misleading statements, and the precipitous decline in the XIV securities, Movants and other Class members have suffered significant losses and damages.

## ARGUMENT

The XIV Investor Group's motion should be granted because (1) this case satisfies the requirements of consolidation, (2) Movants satisfy each of the requirements of the PSLRA for appointment of Lead Plaintiff and are therefore qualified to serve as Lead Plaintiff, and (3) Movants' selection of Cohen Milstein and Levi Korsinsky as Co-Lead Counsel for the Class is appropriate given the firms' experience in litigating securities fraud class actions.

**A.** **The Related Actions should be consolidated pursuant to Federal Rule of Civil Procedure 42.**

Under the PSLRA, a court must decide whether to consolidate related actions prior to selecting a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 34 (S.D.N.Y. 2012). In fact, class action shareholder suits are ideally suited for consolidation pursuant to Federal Rule of Civil Procedure 42(a): "in securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." *Weltz v. Lee*, 199 F.R.D 129, 131 (S.D.N.Y. 2001) (internal quotations and citation omitted).

The Related Actions present nearly identical factual and legal issues and allege nearly identical violations of the securities laws. They involve substantially the same parties and arise from the same underlying facts and circumstances. "The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) (quoting *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984)); *Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002). Because the Related Actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to the other. Consolidation of the Related Actions is thus appropriate as common questions of law and fact predominate in these actions. Fed. R. Civ. P. 42(a).

**B.** **The XIV Investor Group satisfies the procedural requirements for appointment as Lead Plaintiff.**

Section 21D of the Exchange Act establishes a procedure for the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff

class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). The plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice between the Related Actions was published on March 14, 2018. *See* Berelovich Decl., Ex. A.

The PSLRA further provides that within 90 days after publication of the notice of pendency, or as soon as practicable, the Court shall consider any lead plaintiff motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

In this case, the 60-day time window provided by the PSLRA in which applications for appointment as lead plaintiff must be filed expires on May 14, 2018. 15 U.S.C. § 78u-4(a)3(A)(i)(II). Movants have moved within the statutory 60-day time period. The motion contains the required certifications setting forth Movants' transactions in XIV securities, and indicates that Movants have reviewed a complaint filed in the Related Actions and is willing to serve as a representative party on behalf of the Class. *See* Berelovich Decl., Ex. B1, C1, D1, E1, F1. In addition, Movants have selected and retained competent and experienced counsel, as set forth in counsels' resume. *See* Berelovich Decl., Ex. H, I. Cohen Milstein and Levi Korsinsky have successfully prosecuted federal securities law class actions for years.

**C.    The XIV Investor Group satisfies the legal prerequisites for appointment as Lead Plaintiff.**

**1.    The XIV Investor Group is presumptively the most adequate plaintiff.**

The PSLRA sets forth procedures for the appointment of a lead plaintiff in class actions brought under the federal securities laws.  15 U.S.C. § 78u-4(a)(3).  The PSLRA provides that the Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i).

The Court is guided by a presumption that the most adequate plaintiff is the person or group of persons who (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted by proof that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The XIV Investor Group is qualified for appointment as Lead Plaintiff.  It suffered losses of $14,383668.05 from its purchases of XIV securities during the Class Period.  *See* Berelovich Decl. Ex. B2, C2, D2, E2, F2.  Movants suffered these losses when it was revealed that XIV notes were trading at artificially inflated prices that did not reflect the notes' true economic value.  Movants are not aware of any other class member with a larger financial interest in the relief sought by the class and are therefore the most adequate plaintiff and entitled to appointment as Lead Plaintiff.  *See Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 277

(S.D.N.Y. 2015) (appointing as lead plaintiff the movant with the largest potential recoverable loss); *see also Lang v. Tower Grp. Int'l, Ltd.*, No. 13-cv-5852 (AT), 2014 WL 12779212, at *3 (S.D.N.Y. June 17, 2014) (appointing group of plaintiffs with largest losses).

Moreover, as set forth in their Joint Declaration, attached as Exhibit G to the Berelovich Decl., Movants are willing to actively participate in the leadership of this litigation. Movants are sophisticated investors and have a large financial interest in this litigation, which shows that they are prepared to protect the interests of the Class. *See Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (observing that lead plaintiff movant's substantial losses suggest its "strong interest in advocating on behalf of the Class"). Movants will work together to oversee their counsel and ensure the vigorous and efficient prosecution of this action. Finally, Movants understand their obligations as fiduciaries of the Class. *See* Berelovich Decl. Ex. G.

Because Movants possess a significant interest in the outcome of this litigation, they are presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Further, Movants are both qualified to represent the Class and willing to serve as a representative party. Finally, Movants have selected counsel highly experienced in prosecuting securities class actions such as this one. Accordingly, Movants satisfy the requirements for appointment as Lead Plaintiff under the PSLRA and their motion should be granted.

## 2. The XIV Investor Group satisfies Rule 23.

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiff satisfy "the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) requires that: (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the

representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Typicality and adequacy of representation are the only provisions relevant to the determination

of lead plaintiff under the PSLRA, *Topping*, 95 F. Supp. 3d at 623, and the showing for purposes

of a lead plaintiff motion must only be preliminary, *Kux–Kardos v. VimpelCom, Ltd.*, 151 F.

Supp. 3d 471, 477 (S.D.N.Y. 2016).

The typicality requirement of Rule 23(a)(3) is satisfied where "the claims or defenses of

the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P.

23(a)(3). Typicality is established for purposes of appointing lead plaintiff if the lead plaintiff

candidate can show that each class member's claim arises from the same course of events and

each class member makes similar legal arguments regarding the defendants' liability. *Topping*,

95 F. Supp. 3d at 623. Identity of claims is not required for this preliminary showing. *Id.* The

typicality requirement is plainly satisfied in the instant case, where Movants seek the same relief

and advance the same legal theories as will the class members.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is

established that a representative party "will fairly and adequately protect the interests of the

class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when: "(1) class counsel is

qualified, experienced and generally able to conduct the litigation; (2) the class members [d]o not

have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the

outcome of the case to ensure vigorous adequacy." *Weltz*, 199 F.R.D. at 133. Movants are

adequate representatives for the Class: each Movant purchased securities during the Class

Period, and like other putative class members, they suffered a loss when it was revealed the price

at which they purchased XIV notes was dramatically inflated. *See In re Millennial Media, Inc.*

*Sec. Litig.*, 87 F. Supp. 3d 563, 572 (S.D.N.Y. 2015) (finding that institutional investors were

adequate when they satisfied PSLRA requirements and there were no unique defenses rendering them incapable of adequate representation).

Finally, Movants have retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and have timely submitted their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). *See In re Braskem S.A. Sec. Litig.*, 2015 WL 5244735, at *6 (S.D.N.Y. Sept. 8, 2015) (appointing Cohen Milstein as lead counsel because its "experience litigating securities class actions [makes it] . . . qualified to serve as lead counsel"); *Mulligan v. Impax Labs., Inc.*, 2013 WL 3354420, at *9–10 (N.D. Cal. July 2, 2013), and 36 F. Supp. 3d 942, 970 (N.D. Cal. 2014) (same, in a case that settled for $8 million after the motion to dismiss was denied); Berelovich Decl. Ex. I (firm resume of Levi Korsinsky). The Court should approve the XIV Investor Group's selection of Cohen Milstein and Levi Korsinsky as Co-Lead Counsel.

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should not disturb the lead plaintiff's selection of counsel unless such interference is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movants have selected Cohen Milstein and Levi Korsinsky to serve as Lead Counsel. These firms have repeatedly been appointed lead or co-lead counsel in securities class action cases by courts in this District and across the country. *See, e.g., Topping*, 95 F. Supp. 3d at 624 (selecting Cohen Milstein as lead counsel because it "has successfully prosecuted numerous securities fraud class actions"); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) (approving selection of Cohen Milstein as lead counsel); *Impax Labs.*, 2013 WL 3354420, at *9–10 (appointing Cohen Milstein as Lead Counsel); *In re Parmalat Sec. Litig.*, Case No. 04-md-01653 (S.D.N.Y.) (Kaplan, J.)

(Cohen Milstein serving as co-lead counsel in complex securities fraud litigation before this Court); *Francisco v. Abengoa, S.A.*, 15 Civ. 6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, 15 Civ. 7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at *4 (S.D.N.Y. Oct. 5, 2016) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions").

Cohen Milstein and Levi Korsinsky have extensive experience in the field of securities litigation and have successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. *See* Berelovich Decl. Exs. H, I. Thus, the Court may be confident that the class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

## CONCLUSION

Based on the foregoing, the XIV Investor Group respectfully requests that the Court: (i) consolidate the Related Actions; (ii) appoint the XIV Investor Group as Lead Plaintiff; (iii) approve the selection of Cohen Milstein and Levi Korsinsky as Co-Lead Counsel; and (iv) grant such other relief as the Court may deem to be just and proper.

Dated: May 14, 2018                              Respectfully submitted,

                                                 **COHEN MILSTEIN SELLERS & TOLL PLLC**

                                                 */ s / Eric S. Berelovich*
                                                 Steven J. Toll
                                                 Eric S. Berelovich
                                                 1100 New York Avenue, N.W. / Fifth Floor
                                                 Washington, D.C. 20005

Tel. (202) 408-3640
stoll@cohenmilstein.com
eberelovich@cohenmilstein.com

Michael B. Eisenkraft
88 Pine Street / 14th Floor
New York, New York 10005
Tel. (212) 838-7797
meisenkraft@cohenmilstein.com

Carol V. Gilden (*pro hac vice forthcoming*)
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Tel. (312) 357-0370
cgilden@cohenmilstein.com

**LEVI KORSINSKY, LLP**
Nicholas I. Porritt
Adam M. Apton
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
nporritt@zlk.com
aapton@zlk.com

**LEVI KORSINSKY, LLP**
Alexander Krot
1101 30th Street NW, Suite 115
Washington, D.C. 20007
Tel: (202) 524-4290
Fax: (212) 363-7171
akrot@zlk.com
\**pro hac vice* forthcoming

*Counsel for the XIV Investor Group and Proposed Co-Lead Counsel for the Class*

and

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel. (212) 697-6484

peretz@bgandg.com

*Additional Counsel for ACM Ltd.*