UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAJAN CHAHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>CREDIT SUISSE GROUP AG, DAVID R. MATHERS and TIDJANE THIAM,<br><br>Defendants. | Civil Action No.: 18-cv-02268 (AT) |
| GLENN EISENBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>CREDIT SUISSE AG and JANUS INDEX & CALCULATION SERVICES LLC,<br><br>Defendants. | Civil Action No.: 18-cv-02319 (AT) |
| SHAOLEI QIU, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>CREDIT SUISSE GROUP AG and JANUS INDEX & CALCULATION SERVICES LLC,<br><br>Defendants. | Civil Action No.: 18-cv-04045 (AT) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE PRINCETON OPPORTUNISTIC CREDIT FUND L.P. FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, <u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 1

III. PROCEDURAL HISTORY ............................................................................................ 2

IV. ARGUMENT .................................................................................................................. 2

    A. THE ABOVE-CAPTIONED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ................................................................................................................. 2

    B. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................................. 3

        1. Movant is Making a Timely Motion in Response to the Statutory Notice ............ 5

        2. Movant has the Largest Financial Interest in the Relief Sought by the Class ........ 5

        3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................................................................................................ 6

    C. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED .......................... 9

V. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                                                   **Pages**

*Baughman v. Pall Corp.*,
    250 F.R.D. 121 (E.D.N.Y. 2008) ....................................................................................... 3

*Central States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco*
    *Managed Care, LLC*,
    504 F.3d 229 (2d Cir. 2007) ............................................................................................... 7

*In re Drexel Burnham Lambert Group, Inc.*,
    960 F.2d 285 (2d Cir. 1992) ............................................................................................... 7

*Ferrari v. Impath, Inc.*,
    No. 03 Civ. 5667 (DAB), 2004 WL 1637053 (S.D.N.Y. July 20, 2004) ......................... 10

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) .................................................................................. 7, 9

*In re Fuwei Films Sec. Litig.*,
    247 F.R.D. 432 (S.D.N.Y. 2008) ....................................................................................... 3

*Goldstein v. Puda Coal, Inc.*,
    827 F. Supp. 2d 348 (S.D.N.Y. 2011) ....................................................................... 7, 9, 10

*Hart Holding Co., Inc. v. Drexel Burnham Lambert Group, Inc.*,
    506 U.S. 1088 (1993) ........................................................................................................ 7

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ....................................................................................... 3

*Lapin v. Goldman Sachs & Co.*,
    254 F.R.D. 168 (S.D.N.Y. 2008) ....................................................................................... 7

*Olsen v. N.Y. Cmty. Bancorp, Inc.*,
    233 F.R.D. 101 (E.D.N.Y. 2005) ....................................................................................... 3

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................................... 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ......................................................................................... 7

Case 1:18-cv-02268-AT-SN   Document 40   Filed 05/14/18   Page 4 of 15

*In re Oxford Health Plans, Inc.*,
    191 F.R.D. 369 (S.D.N.Y. 2000) ................................................................................... 7

*In re Prudential Sec., Inc. Ltd. P'ships Litig.*,
    163 F.R.D. 200 (S.D.N.Y. 1995) ................................................................................... 8

*Sofran v. LaBranche & Co., Inc.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) ............................................................................... 7, 8

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) ................................................................................... 7

**Statutes**

15 U.S.C. § 77z-1, *et seq.* ...................................................................................... *passim*
15 U.S.C. § 78u-4, *et seq.* ...................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23(a) .............................................................................................. 6, 9
Fed. R. Civ. P. 42(a) ................................................................................................. 3

**I.      INTRODUCTION**

Princeton Opportunistic Credit Fund L.P. ("Princeton Fund" or "Movant") respectfully submits this memorandum of law in support of its motion for: (i) consolidation of the above-captioned actions; (ii) Movant's appointment pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1 and 15 .U.S.C. § 78u-4, *et seq.* ("PSLRA"), as Lead Plaintiff for the proposed class in the above-captioned action; (iii) the Court's approval of Movant's selection of the law firm of Kirby McInerney LLP as Lead Counsel for the proposed Class; and (iiv) such other and further relief as the Court may deem just and proper.

The above-captioned actions allege violations of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"). Named as defendants are Credit Suisse Group AG ("Credit Suisse Group" or the "Company"), Janus Index & Calculation Services LLC, David R. Mathers, and Tidjane Thiam. Movant is a member of the proposed class of persons or entities who purchased or otherwise acquired the publicly-traded Credit Suisse VelocityShares Daily Inverse VIX Short Term exchange traded notes (the "Class") during the period from January 29, 2018 through February 5, 2018 inclusive (the "Class Period"). Movant purchased 249,641 notes during the Class Period, with a total Class Period Expenditure of $3,628,279.11 and suffered total Class Period investment losses of $2,202,906.01. *See* Ex. 4 to accompanying Declaration of Mark A. Strauss filed herewith ("Strauss Decl.").

**II.     FACTUAL BACKGROUND[1]**

Defendant Credit Suisse Group AG is a corporation with its principal executive offices located at Paradeplatz 8, CH 8001 Zurich, Switzerland. Credit Suisse AG is the direct bank

---

[1] These facts are collected from the complaints in the above-captioned actions.

1

subsidiary of Credit Suisse. Credit Suisse issued and offered the Inverse VIX Short ETNs to investors through Credit Suisse AG and its Nassau Branch located at Shirley & Charlotte Streets, On February 5, 2018, investors incurred massive losses when XIV plunged more than 90% in after-hours trading, precipitously dropping in value from a trading-day close of $99 at 4pm down to a low of $10 at 6:30pm, with an ultimate end price of $15.43 per share. Credit Suisse failed to disclose the Acceleration Event until the following day, and instead disseminating an inaccurate Intraday Indicative Value, thereby artificially raising the price of Credit Suisse VelocityShares Daily Inverse VIX Short Term exchange traded notes, and causing significant harm to investors.

### III.     PROCEDURAL HISTORY

The above-caption actions were filed on March 14, 2018, March 16, 2018, and May 4, 2018.  Counsel for named plaintiff Glenn Eisenberg published notice on Businesswire on March 16, 2018 and counsel for named plaintiff Rajan Chahal published notice on Businesswire on March 14, 2018, advising of the commencement of this lawsuit and of the deadline for class members to seek appointment as lead plaintiff pursuant to the PSLRA on or before May 14, 2016.  *See* Strauss Decl. Exs. 1 and 2. Plaintiff Chahal filed an Amended Complaint on March 23, 2018.

### IV.     ARGUMENT

#### A.     THE ABOVE-CAPTIONED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed. . . the court shall not [determine the most adequate plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 77z-1(a)(3)(B)(ii) (the PSLRA advises courts to make the decision

2

regarding appointment of a lead plaintiff for the consolidated action "[a]s soon as practicable after [the consolidation] decision is rendered.").

Consolidation of related cases is appropriate where, as here, the actions before the court involve common questions of law or fact. See Fed. R. Civ. P. 42(a). Slight differences in facts, causes of action, or the class period do not render consolidation inappropriate where, as here, the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation. *Baughman v. Pall Corp.*, 250 F.R.D. 121, 124 (E.D.N.Y. 2008); *Olsen v. N.Y. Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 104- 05 (E.D.N.Y. 2005); *Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2007); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008) (existence of "minor differences in facts and legal issues [do not] preclude consolidation").

The Actions at issue here clearly involve common questions of fact and law. The Chahal, Eisenberg, and Qiu Actions allege virtually the same wrongdoing, namely that Defendants misled investors by failing to disclose an Acceleration Event and disseminating an inaccurate Intraday Indicative Value, thereby artificially raising the price of Credit Suisse VelocityShares Daily Inverse VIX Short Term exchange traded notes. The Actions propose the same class period of January 29, 2018 through February 5, 2018, and assert virtually identical claims against the same Defendants related to the alleged fraud. Consolidation of the Actions is therefore appropriate.

### B.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for appointment of lead plaintiff in "each private action arising under [the federal securities laws] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1); 15 U.S.C. § 78u-4(a)(l); *see also* 15

U.S.C. § 77z-1(a)(3)(B) (setting forth procedure for selecting Lead Plaintiff in Securities Act actions); 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting Lead Plaintiff in Exchange Act actions). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members made within 60 days of a published notice of class action. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II); 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as Lead Plaintiff is the movant that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiffs incapable of adequately representing the class." 15 U.S.C § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant is believed to have the largest financial interest in the relief sought in these actions among all putative class members who have filed complaints or filed timely motions for Lead Plaintiff appointment. Proposed Lead Plaintiff Princeton Fund has agreed to serve as Lead Plaintiff. In addition, the Princeton Fund has signed and filed a sworn certification stating that it has reviewed the complaint filed in the action and is willing to serve as a representative party on behalf of the Proposed Class. *See* Strauss Decl. Ex. 3.

In addition, Proposed Lead Plaintiff has selected and retained experienced and competent counsel to represent itself and the Class. *See* Strauss Decl. Ex. 5. As such, Movant is entitled to the presumption that it is the most adequate plaintiff to represent all Class Period purchasers of Credit Suisse VelocityShares Daily Inverse VIX Short Term exchange traded notes.

### 1. Movant is Making a Timely Motion in Response to the Statutory Notice

On March 14 and 16, 2018, counsel for plaintiffs in the above-captioned actions caused notice to be published on Businesswire, pursuant to the PSLRA, announcing that a securities class action had been filed against the defendants herein, and advising purchasers of Credit Suisse VelocityShares Daily Inverse VIX Short Term exchange traded notes ("XIV") that they had 60 days to file a motion to be appointed as Lead Plaintiff. *See* Strauss Decl. Exs. 1 and 2.[2] Movant is filing the instant motion in a timely fashion and submits herewith a sworn certification attesting that it is willing to serve as representative to the Class and willing to provide testimony at deposition and trial, if necessary. *See* Strauss Decl. Ex. 3. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

### 2. Movant has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA provides that the most adequate plaintiff is presumed to be the movant that, among other things, "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[2] The PSLRA provides that within 20 days after the date on which a class action is filed, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class:

    (I) of the pendency of the action, the claims asserted therein, and the purported class period; and

    (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

Movant purchased 249,641 notes during the Class Period, with a total Class Period Expenditure of $3,628,279.11. *See* Strauss Decl. Ex. 4. When sales and purchases are matched pursuant to the preferred last-in, first-out ("LIFO"), Movant sold 1,000 of those notes during the Class Period, and received proceeds of $14,763.00 leading to a net Class Period Expenditure of $3,613,516.11, such that Movant's losses under LIFO on notes purchased during the Class Period are $2,202,906.01. *Id*. Movant believes that its financial interest in the relief sought by the Class is greater than those of any other qualified Movant seeking appointment as Lead Plaintiff.

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites for class certification, only two – typicality and adequacy – directly address the personal characteristics of the proposed class representative. Consequently, in deciding a motion for appointment of Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy of Rule 23(a), and defer examination of the remaining requirements until

---

15 U.S.C § 77z-1(a)(3)(A)(i); 15 U.S.C. § 78u-4(a)(3)(A)(i).

the Lead Plaintiff moves for class certification. *See Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003)) ("[T]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met . . . In fact, a []wide ranging analysis under Rule 23 is not appropriate []at this initial stage of litigation[] and should be left for consideration of a motion for class certification.[]") (internal citations omitted and punctuation altered); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) ("At this stage in the litigation, the party moving for Lead Plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.").

### a. Movant's Claims Satisfy the Typicality Requirement

"Typicality exists if claims 'arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Sofran*, 220 F.R.D. at 402 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom. *Hart Holding Co. Inc. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993)); *see Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 175 (S.D.N.Y. 2008) (quoting *Central States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229, 244-45 (2d Cir. 2007); *see also Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 354 (S.D.N.Y. 2011) (quoting *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011) ("The typicality threshold is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise."). "Typicality does not require that the situations of the named representatives and the class members be identical." *Lapin*, 254 F.R.D. at 175 (quoting *In re Oxford Health Plans, Inc.*, 191 F.R.D. 369, 375 (S.D.N.Y. 2000)). "Instead,

courts have recognized that '[t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact." *Sofran*, 220 F.R.D. at 402 (quoting *In re Prudential Sec., Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 208 (S.D.N.Y. 1995)).

In this case, the typicality requirement is met because the Movant's claims *are* identical to the claims of the other Class members. Movant and all the members of the Class who purchased Credit Suisse VelocityShares Daily Inverse VIX Short Term exchange traded notes suffered damages as a result of defendants' misrepresentations and omissions. Here, the legal and factual bases for Movant's claims are typical of the claims of the members of the Class, in that the Movant and other Class members must show: 1) whether the federal securities laws were violated by Defendants' acts; 2) whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the XIV securities; and 3) to what extent the members of the Class have sustained damages and the proper measure of damages. Moreover, Movant acquired Credit Suisse VelocityShares Daily Inverse VIX Short Term exchange traded notes during the Class Period, at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. All other persons and entities who purchased or acquired Credit Suisse VelocityShares Daily Inverse VIX Short Term exchange traded notes during the Class Period overpaid as a result of the same misconduct that caused Movant's injuries.

Because Movant's claims and injuries arise from the same event or course of conduct that gave rise to the claims of other Class members, the typicality requirement is met.

### b. Movant Will Fairly and Adequately Represent the Interests of the Class, and Is Not Subject to Unique Defenses

Rule 23's "adequacy requirement" is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Goldstein*, 827 F. Supp. 2d at 354 (citing *Foley*, 272 F.R.D. at 131); *see* Fed. R. Civ. P. 23(a)(4).

Here, Movant will fairly and adequately represent the interests of the proposed Class. Movant's interests are not antagonistic to those of the Class and are clearly aligned with its members' interests. As detailed above, Movant's claims share substantially similar questions of law and fact with the claims of members of the proposed Class, and its claims are typical of the claims of members of the Class. Further, Movant has demonstrated its commitment to protecting the interests of the Class by signing a certification expressing willingness to serve as Class representative and provide deposition and trial testimony, if necessary. In addition, Movant has selected counsel that is highly experienced in prosecuting securities class actions to serve as Lead Counsel. *See* Strauss Decl. Ex. 5. Movant suffered substantial losses due to defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of the Action. Accordingly, Movant satisfies Rule 23's adequacy requirement.

### C. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B(v). The Court should only interfere with Lead Plaintiff's selection when necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see*

*Goldstein*, 827 F. Supp. 2d at 357 (quoting *Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 WL 1637053, at *7 (S.D.N.Y. July 20, 2004)).

Movant has selected the law firm of Kirby McInerney LLP to serve as Lead Counsel for the proposed Class. Kirby McInerney LLP is highly experienced in the area of securities litigation and class actions. *See* Strauss Decl. at Ex. 5. Kirby McInerney LLP has successfully prosecuted numerous securities litigations and securities class actions on behalf of investors as detailed in the firm's resume. *See id*. As a result of this extensive experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the purchasers of Credit Suisse VelocityShares Daily Inverse VIX Short Term exchange traded notes will receive the best legal representation available.

## V.     CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant its motion requesting: (i) consolidation of the above-captioned actions; (ii) Movant's appointment pursuant to the PSLRA as Lead Plaintiff for the proposed Class in the above-captioned actions; (iii) the Court's approval of Movant's selection of the law firm of Kirby McInerney LLP as Lead Counsel for the proposed Class; and (iv) such other and further relief as the Court may deem just and proper.

Dated: May 14, 2018 	Respectfully submitted,

                                           **KIRBY McINERNEY LLP**

                                           */s/ Mark A. Strauss*
                                           Mark A. Strauss
                                           825 Third Avenue, Floor 16
                                           New York, NY 10022
                                           Tel: (212) 371-6600
                                           Fax: (212) 751-2540
                                           Email: mstrauss@kmllp.com

                                           *Counsel for Proposed Lead Plaintiff*