# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SET CAPITAL LLC, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, CREDIT SUISSE INTERNATIONAL, TIDJANE THIAM, DAVID R. MATHERS, JANUS HENDERSON GROUP PLC, JANUS INDEX & CALCULATION SERVICES LLC, and JANUS DISTRIBUTORS LLC d/b/a JANUS HENDERSON DISTRIBUTORS,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-02268-AT-SN |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR OBJECTIONS**

Plaintiffs' Objections[1] detail multiple legal errors in the Report,[2] and demonstrate that, if Plaintiffs' scienter allegations were considered and credited—as they must be—and Second Circuit precedent was followed, Plaintiffs' claims would be sustained. Defendants' Responses[3] fail to salvage the Report's clear errors, and Plaintiffs stand on their Objections with respect to those arguments. Because Defendants raise several arguments not addressed in the Report (and which Plaintiffs consequently did not address in their Objections), Plaintiffs respectfully submit this short reply brief specifically to address these arguments, each of which is meritless.

*First*, the Credit Suisse Defendants claim that Plaintiffs fail to plead standing with respect to a portion of the Class Period, an argument they concede was "not considered in the R&R." CS Resp. at 16. They rehash their Motion to Dismiss argument that "Plaintiffs do not allege that any Named Plaintiff purchased XIV notes during the one-hour window when Defendants purportedly misrepresented the value of the XIV notes." *Id.* at 17. The Credit Suisse Defendants ignore, however, that Plaintiffs conclusively rebutted this argument in their Opposition to the Motions to Dismiss,[4] Opp. Br. at 44-46, demonstrating not only that Plaintiffs adequately alleged their purchases of XIV notes during the Class Period, but also that this specific question was extensively litigated during the lead plaintiff phase of this case, where the facts presented on the record and the Court's findings prove Plaintiffs' standing. Indeed, recognizing as much, Defendants completely *abandoned their standing argument on reply. See Knight v. State Univ. of New York at*

---

[1] Plaintiffs' Objections to Magistrate Judge's Report & Recommendation (ECF No. 128) ("Objections").

[2] Magistrate Judge Netburn's Report & Recommendation (ECF No. 124) (the "Report") (cited to as "R&R").

[3] The Janus Defendants' Response to Plaintiffs' Objections (ECF No. 131) ("Janus Resp.") and the Credit Suisse Defendants' Response to Plaintiffs' Objections (ECF No. 132) ("CS Resp.").

[4] (ECF No. 114) ("Opposition Brief").

*Stony Brook*, 880 F.3d 636 at 643 (2d Cir. 2018) (rejecting argument that appellant "appear[ed] to abandon" "in his reply brief"); *U.S. v. Jordan*, 591 F. Supp. 2d 686, 709 n.32 (S.D.N.Y. 2008) (rejecting argument "defense counsel abandon[ed]" "[i]n his reply"). For this reason and the reasons previously stated in Plaintiffs' Opposition Brief (which are incorporated here by reference), this argument fails.

*Second*, the Credit Suisse Defendants claim Plaintiffs fail to plead loss causation, another argument they concede was "not considered in the R&R." CS Resp. at 16. They reiterate their Motion to Dismiss argument that tried to shift the blame for XIV's collapse onto market volatility rather than their own deceptive conduct. *Id.* at 17-18. But as explained in detail in Plaintiffs' Opposition Brief, the Class's losses stem from: (i) Credit Suisse's manipulative scheme to grow XIV notes past the point where their hedging would create an artificial liquidity squeeze in the VIX futures market, thus destroying XIV; (ii) the misleading statements in the Offering Documents concealing the foregoing scheme; and (iii) the Flatline Value and the failure to correct it, which caused XIV notes to trade at grossly inflated prices. Opp. Br. at 41-44. Indeed, as Plaintiffs allege, market-wide volatility cannot explain the vast majority of XIV's destruction; rather, it was Credit Suisse's manufactured liquidity crisis in the VIX futures market that caused XIV's value to drop *96%*, triggering an Acceleration Event. *Id.* at 41. For these reasons and the reasons previously stated in Plaintiffs' Opposition Brief (which are incorporated here by reference), this argument fails.

*Third*, the Credit Suisse Defendants argue that Plaintiffs "effectively abandon their control person and Section 9 claims" because Plaintiffs argued these claims should be sustained in a footnote. CS Resp. at 15. Janus similarly argues that "Plaintiffs do not specifically object to Magistrate Judge Netburn's conclusion regarding the Section 15 claim against the Janus

2

Defendants." Janus Resp. at 2 n.4. These arguments defy common sense. As the Credit Suisse Defendants concede, the only claims considered substantively in the Report and the Report's *sole* basis for recommending dismissal were Plaintiffs' Section 10(b) and Section 11 claims. *Id.* at 15-16 (citing R&R at 41). Thus, as explained in Plaintiffs' Objections (Obj. at 20 n.19), if the Court sustains Plaintiffs' Section 10(b) and Section 11 claims (which it should), the only basis for dismissal of Plaintiffs' control person and Section 9 claims is moot, and these claims would also survive.[5] The Credit Suisse Defendants next claim, confusingly, that "Plaintiffs also do not address [in their Objections] any of the Credit Suisse Defendants' other arguments concerning the control person claims[.]" CS Resp. at 16. Of course, Plaintiffs did not do so because the Report did not consider any of these "other" arguments, which were thoroughly addressed and rebutted in Plaintiffs' Opposition Brief. Opp. Br. at 47-50. For avoidance of all doubt, the arguments made in Plaintiffs' Opposition Brief with respect to these claims are incorporated by reference here.

*Fourth*, the Credit Suisse Defendants claim that Plaintiffs' Objections raise arguments that were briefed on the motion to dismiss, and the "repetition [of these arguments] in the Objections does not warrant *de novo* review." CS Resp. at 11 n.7; *see also id.* at 11 ("Yet again, Plaintiffs raise an argument that was fully briefed . . . ."). This is nonsense. A central premise of Plaintiffs' Objections is that the Report—contrary to binding precedent—failed to consider multiple allegations supporting scienter. Plaintiffs' Objections must repeat their arguments regarding these ignored allegations to point out the reversible error. The Credit Suisse Defendants' own cited authority recognizes that such an identification of "particular errors in the reasoning of the Magistrate Judge" is a proper objection. *Stanley v. Smith*, No. 12-cv-6362-AT-SN, 2014 WL

---

[5] The Credit Suisse Defendants do not identify any authority—because there is none—to support their argument that it is insufficient to raise an argument in a footnote in an objection to a magistrate judge's report and recommendation.

3

5039444, at *1 (S.D.N.Y. Sept. 26, 2015) (citation omitted). And the Credit Suisse Defendants concede as much by seeking *de novo* review of issues they briefed and which they concede were never addressed by the Report. CS Resp. at 16-17. Taking the exact opposite—and completely inconsistent—approach, the Janus Defendants (falsely) accuse Plaintiffs of improperly advancing in their Objections a "newly unearthed theory" that scienter is established by Defendants' duty to monitor the VIX futures prices to determine whether to announce a Market Disruption Event. Janus Resp. at 1-2.[6] Defendants' inconsistent positions reveal the absurdity of their attempts to improperly circumscribe the Court's review. Each of Plaintiffs' arguments in their Objections is properly before the Court for *de novo* review. *See* Fed. R. Civ. P. 72(b)(3) ("[T]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").[7]

*Finally*, the Janus Defendants take issue with Plaintiffs' request that, should the Court dismiss the Complaint, the dismissal be without prejudice, claiming Plaintiffs purportedly were already granted leave to amend once. This argument conveniently ignores that Plaintiffs did not file the original complaint in this action, but rather only filed the operative Consolidated Amended

---

[6] Ironically, it is the Janus Defendants who made up a "newly unearthed theory" in their Response Brief in a failed attempt to rebut Plaintiffs' duty-to-monitor argument, which was alleged in great detail in Plaintiffs' Complaint, and advanced at length in Plaintiffs' Opposition Brief. *See* ¶¶ 185 ("neither Credit Suisse, CIS, Janus, nor JIC disclosed to the market that the Flatline Value was unreliable or that a Market Disruption Event had occurred or was occurring"), 60, 152, 154, 178-79, 185, 189, 192, 210, 230, 234-35, 241, 242, 251; Opp. Br. at 38-39 ("By definition, Defendants could not know whether S&P was failing to 'publish or compute' the VIX Futures Index unless they were actively monitoring the underlying inputs, *i.e.* the VIX futures prices that showed the falsity of the Flatline Value.").

[7] The Janus Defendants additionally argue, in a footnote, that the Report incorrectly found that the Flatline Value was misleading. Janus Resp. at 6 n.7. This argument is untimely and should be disregarded. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

4

Complaint after being appointed as Lead Plaintiffs under the Private Securities Litigation Reform Act. Moreover, scienter—the central basis for the Report's recommended dismissal—is an inherently fact-intensive inquiry, making dismissal without prejudice particularly appropriate here.

For the foregoing reasons and for the reasons articulated in Plaintiffs' Objections and Opposition Brief, the Court should sustain Plaintiffs' Objections and deny Defendants' Motions to Dismiss.

Dated: September 18, 2019

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

*/ s / Michael B. Eisenkraft*
Michael B. Eisenkraft
Laura H. Posner
88 Pine Street / 14th Floor
New York, New York 10005
Tel. (212) 838-7797
meisenkraft@cohenmilstein.com
lposner@cohenmilstein.com

Steven J. Toll
Eric S. Berelovich
Allen Dreschel
1100 New York Avenue, N.W. / Fifth Floor
Washington, D.C. 20005
Tel. (202) 408-3640
stoll@cohenmilstein.com
eberelovich@cohenmilstein.com
adreschel@cohenmilstein.com

Carol V. Gilden
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Tel. (312) 357-0370
cgilden@cohenmilstein.com

**LEVI KORSINSKY, LLP**
Eduard Korsinsky
Nicholas I. Porritt
Adam M. Apton

30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
ek@zlk.com
nporritt@zlk.com
aapton@zlk.com

**LEVI KORSINSKY, LLP**
Alexander Krot
1101 30th Street NW, Suite 115
Washington, D.C. 20007
Tel: (202) 524-4290
Fax: (212) 363-7171
akrot@zlk.com
(*pro hac vice* forthcoming)

*Counsel for Lead Plaintiffs and Co-Lead Counsel for the Class*

and

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel. (212) 697-6484
peretz@bgandg.com

*Additional Counsel for ACM Ltd.*