**VIA ECF**                                                                                           October 25, 2022

The Honorable Sarah Netburn
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Set Capital LLC, et al.,* v. *Credit Suisse Group AG, et al.,*
              *No. 18-CV-02268 (AT) (SN)*

Dear Magistrate Judge Netburn:

    We represent the Defendants and Lead Plaintiffs, respectively, in the above-captioned litigation and write in response to Your Honor's Order dated August 26, 2022.

    First, class certification is proceeding on track. After Lead Plaintiffs filed their opening brief and expert report on July 1, 2022 (ECF Nos. 178-82), Defendants filed their opposition brief, expert report and a *Daubert* motion on October 14, 2022 (ECF Nos. 198-208). The parties have met and conferred on a briefing schedule for Defendants' *Daubert* motion and respectfully request that the Court enter the Stipulated [Proposed] Order filed herewith (Ex. A) so that the *Daubert* Motion is briefed contemporaneously with the class certification motion to which it relates. The proposed *Daubert* Motion briefing schedule is as follows:

- Lead Plaintiffs' Opposition to Defendants' *Daubert* Motion due December 16, 2022; and

- Defendants' Reply in further support of their *Daubert* Motion due January 31, 2023.[1]

    Second, the parties disagree regarding the necessity for a short extension of the fact discovery deadline.

    Lead Plaintiffs respectfully request that the fact discovery deadline of December 16, 2022, be extended for a modest six and a half weeks until January 31, 2023 (Ex. B). Lead Plaintiffs submit that such an extension is necessary due to the following facts: (1) Defendants have still not completed their document production or provided a privilege log, and (2) the required coordination with the Stone Plaintiffs, as agreed to in the Case Management Plan and Scheduling Order (ECF No. 50). Since the substantial completion deadline of June 21, 2022, Defendants have made three separate productions, consisting of 75,810 pages of documents, the most recent of which was made

---

[1] Defendants reserve the right to depose any proposed expert who submits a report in connection with Lead Plaintiffs' opposition to Defendants' *Daubert* Motion regarding the subject matter of that report regardless of whether that proposed expert has already been deposed in this case. Lead Plaintiffs reserve their right to depose any proposed expert who submits a report in connection with Defendants' Daubert reply, regardless of whether that proposed expert has already been deposed in this case.

just yesterday, October 24, 2022, but their production is still not yet complete.[2] Defendants have informed Lead Plaintiffs that they still need to produce "(i) a privilege log and any documents that we determine, after completion of our privilege review, can be produced in redacted form or are otherwise not privileged and (ii) a small set of CARMC VARMC materials that require Swiss data privacy redactions" which could be critical documents for Plaintiffs' case. While Lead Plaintiffs have already noticed the depositions of eight witnesses, including the two Individual Defendants, those depositions cannot occur until Defendants' document production is complete. In addition, the Stone Plaintiffs received access to Defendants' production of documents only two months ago and have not had adequate time to review the production. This modest extension is required to allow Plaintiffs to review Defendants' production prior to taking depositions and to allow the Stone Plaintiffs to "catch up" so that they can participate fully in the depositions.

Defendants do not agree that it is appropriate or necessary to extend the fact discovery deadline at present. Lead Plaintiffs have failed to pursue their claims here. Despite Defendants' completion of substantial production well before the June 21, 2022 deadline, Plaintiffs did not even access or download Defendants' production for almost three full months. Lead Plaintiffs now try to avoid the repercussions of their negligence by seeking an extension for additional time to take depositions. But there is no basis for that extension. Defendants intend to produce their privilege log and the minimal remaining documents to Lead Plaintiffs within the week. This will not prejudice Lead Plaintiffs' ability to take depositions, as they only noticed six of the eight depositions this evening. The Stone Plaintiffs have had more than two months with Defendants' production, and any delay in providing the Stone Plaintiffs access to the discovery materials is because of Lead Plaintiffs' failure to coordinate with them. Defendants should not be prejudiced by Lead Plaintiffs' many failures. If over the course of the next several weeks as deposition testimony begins it becomes necessary to consider an extension because of witness availability or other scheduling issues, the parties can meet and confer on the issue.

<u>Third</u>, Lead Plaintiffs respectfully request that the Court enter the Proposed Stipulated Order between Lead Plaintiffs and third party Cboe Futures Exchange, LLC ("Cboe") filed herewith (Ex. C). Cboe necessitates an order finding good cause for the production of certain market trading documents responsive to Lead Plaintiffs' subpoena in order to protect the privacy interests of those market participants that trade on the Cboe.

<u>Fourth</u>, the parties believe that a settlement conference is premature at this time. The parties will notify the Court if a settlement conference would be productive.

We appreciate the Court's attention to this matter and are available to answer any further questions the Court may have.

                Respectfully submitted,

---

[2] Defendants' claim that Lead Plaintiffs have somehow not been diligent in prosecuting this case or reviewing Defendants' dilatory document production is completely without basis.

| | |
|---|---|
| */s/ Sheila C. Ramesh* <br> Sheila C. Ramesh | */s/ Laura H. Posner* <br> Laura H. Posner |
| *Counsel for Defendants Credit Suisse Group, AG, Credit Suisse AG, Credit Suisse International, Tidjane Thiam, and David R. Mathers* | *Counsel for Lead Plaintiffs Set Capital LLC, Stefan Jager, Aleksander Gamburg, and Apollo Asset Limited* |