# CAHILL GORDON & REINDEL LLP
## 32 OLD SLIP
## NEW YORK, NY 10005

| | | | | |
|---|---|---|---|---|
| DANIEL R. ANDERSON | JONATHAN J. FRANKEL | TELEPHONE: (212) 701-3000 | BRIAN T. MARKLEY | ANTHONY K. TAMA |
| HELENE R. BANKS | ARIEL GOLDMAN | WWW.CAHILL.COM | MEGHAN N. McDERMOTT | JOHN A. TRIPODORO |
| ANIRUDH BANSAL | PATRICK GORDON | | WILLIAM J. MILLER | GLENN J. WALDRIP, JR. |
| DAVID L. BARASH | JASON M. HALL | 1990 K STREET, N.W. | EDWARD N. MOSS | HERBERT S. WASHER |
| LANDIS C. BEST | STEPHEN HARPER | WASHINGTON, DC 20006-1181 | NOAH B. NEWITZ | MICHAEL B. WEISS |
| BRADLEY J. BONDI | WILLIAM M. HARTNETT | (202) 862-8900 | WARREN NEWTON § | DAVID WISHENGRAD |
| BROCKTON B. BOSSON | NOLA B. HELLER | | DAVID R. OWEN | C. ANTHONY WOLFE |
| JONATHAN BROWNSON * | CRAIG M. HOROWITZ | CAHILL GORDON & REINDEL (UK) LLP | JOHN PAPACHRISTOS | COREY WRIGHT |
| DONNA S. BRYAN | DOUGLAS S. HOROWITZ | 20 FENCHURCH STREET | LUIS R. PENALVER | ELIZABETH M. YAHL |
| JOYDEEP CHOUDHURI * | TIMOTHY B. HOWELL | LONDON EC3M 3BY | KIMBERLY PETILLO-DÉCOSSARD | JOSHUA M. ZELIG |
| JAMES J. CLARK | DAVID G. JANUSZEWSKI | +44 (0) 20 7920 9800 | SHEILA C. RAMESH | |
| CHRISTOPHER W. CLEMENT | ELAI KATZ | | MICHAEL W. REDDY | |
| LISA COLLIER | JAKE KEAVENY | | OLEG REZZY | |
| AYANO K. CREED | BRIAN S. KELLEHER | WRITER'S DIRECT NUMBER | THORN ROSENTHAL | * ADMITTED AS A SOLICITOR IN ENGLAND AND WALES ONLY |
| PRUE CRIDDLE ± | RICHARD KELLY | | TAMMY L. ROY | ± ADMITTED AS A SOLICITOR IN WESTERN AUSTRALIA ONLY |
| SEAN M. DAVIS | CHÉRIE R. KISER ‡ | | JONATHAN A. SCHAFFZIN | |
| STUART G. DOWNING | JOEL KURTZBERG | | ANDREW SCHWARTZ | ‡ ADMITTED IN DC ONLY |
| ADAM M. DWORKIN | TED B. LACEY | | DARREN SILVER | § ADMITTED AS AN ATTORNEY IN THE REPUBLIC OF SOUTH AFRICA ONLY |
| ANASTASIA EFIMOVA | MARC R. LASHBROOK | | JOSIAH M. SLOTNICK | |
| JENNIFER B. EZRING | ALIZA R. LEVINE | | RICHARD A. STIEGLITZ JR. | |
| HELENA S. FRANCESCHI | JOEL H. LEVITIN | | ROSS E. STURMAN | |
| JOAN MURTAGH FRANKEL | GEOFFREY E. LIEBMANN | | SUSANNA M. SUH | |

(212) 701-3833

November 17, 2022

Re: *Set Capital LLC, et al.* v. *Credit Suisse Group AG, et al.*,
No. 1:18-cv-02268 (AT) (SN)

Dear Magistrate Judge Netburn:

We write on behalf of Defendants Credit Suisse Group AG, Credit Suisse AG, Credit Suisse International, Tidjane Thiam, and David R. Mathers (together, "Defendants") in response to Plaintiffs' November 15, 2022 letter regarding their requests for deposition dates and an enlargement of the deposition limit from ten to fifteen (the "November 15 Letter"). Both of Plaintiffs' requests should be denied.

*First*, Plaintiffs have failed to comply with Rule II.C of Your Honor's individual rules, which requires a party to "first confer in good faith with the opposing party, in person or by telephone" before burdening the Court with a discovery dispute. Plaintiffs here failed to discuss either of their two requests with Defendants in person or by telephone. Nor have Plaintiffs meaningfully engaged with Defendants on these issues in writing. Indeed, Plaintiffs' November 15 Letter is the first time that Defendants learned of Plaintiffs' request to increase the deposition limit in this case from ten depositions to fifteen. If Plaintiffs had complied with Your Honor's rules, the parties might have avoided burdening the Court with these minor issues.

*Second*, Defendants have been working as quickly as possible to secure dates for the twelve depositions that Plaintiffs have requested.[1] The potential deponents include three individuals living outside the United States, nine former employees, as well as two apex deponents,

---

[1] Plaintiffs' letter contains several inaccuracies. First, Plaintiffs have requested twelve depositions, not the eleven identified in their letter. In addition to the eleven potential deponents identified in their letter, Plaintiffs have also requested the deposition of Defendants' expert, Professor Terrence Hendershott, whose deposition is scheduled for November 22. Second, Plaintiffs have only noticed two depositions and have only requested dates for the ten other proposed deponents.

Credit Suisse's former Chief Executive Officer, Tidjane Thiam, and former Chief Financial Officer, David R. Mathers. Despite the challenges raised by scheduling these depositions, Defendants have offered deposition dates for seven of the twelve deponents, including Mr. Thiam. An eighth deponent is a former Credit Suisse employee living abroad and will not voluntarily appear. We will provide Plaintiffs with deposition dates for the remaining four deponents as quickly as possible.

Plaintiffs claim that they need dates for all potential deponents by November 23 but do not explain why. The current discovery cutoff is January 31, which is more than nine weeks away. If for some reason scheduling the depositions in advance of the January 31 deadline becomes problematic, Defendants have agreed to meet and confer in good faith regarding an appropriate extension of the schedule. Any concern that Plaintiffs have concerning meeting the January 31 deadline is entirely of their own making. Defendants substantially completed their production on June 17, 2022, before the June 21, 2022 substantial completion deadline.[2] Plaintiffs did not even attempt to access that production for two full months, and did not notice their first deposition until two months after that on October 18, 2022. Defendants nonetheless continue to work in good faith to comply with all deadlines and are in the process of identifying dates for the deponents despite the scheduling difficulties posed by the holiday season.

*Third*, an extension of the deposition limit from ten to fifteen is not warranted at this time, because Plaintiffs have failed to demonstrate that five additional depositions are proportionate to the needs of the case and are not otherwise unduly burdensome. So far Plaintiffs have only identified eleven potential fact deponents, several of whom, at best, have only marginal relevance to this case. Any potential information that these marginal witnesses may have can be obtained from the many other deponents whom Plaintiffs have identified. For that reason, when Plaintiffs identified an eleventh potential deponent, Defendants proposed by e-mail on November 7 that the parties start with the depositions that Plaintiffs already requested, and as Plaintiffs approach the ten deposition limit, the parties can evaluate and discuss whether additional depositions are, in fact, necessary. This is the preferred approach in the Southern District. *See, e.g.*, *Brunckhorst III* v. *Bischoff*, 2022 WL 6991285, at *2 (S.D.N.Y. Oct. 12, 2022) (holding that a party seeking to take more than ten depositions "may move the Court again for leave to take the additional depositions after he has taken at least seven depositions of fact witnesses" where the party failed to "state[] which witnesses he seeks to depose with his initial ten depositions and which he would depose only in the event he receives leave of [the] Court" and failed to "indicate[] the relative importance of the depositions"); *Galgano* v. *County of Putnam*, 2021 WL 2138759, at *2

---

[2] Defendants have produced approximately 136,000 documents. Approximately 129,000 were produced by June 17, 2022. On August 17, 2022, Defendants produced approximately 2,400 documents, which consisted of documents that were subject to United Kingdom bank secrecy and data privacy laws. On October 28, 2022, Defendants produced approximately 5,300 documents, which consisted of documents that Defendants determined, after completion of their privilege review, could be produced in redacted form or are otherwise not privileged as well as six additional documents that required review for Swiss data privacy. Defendants also produced the backup materials for Professor Hendershott's October 14, 2022 expert report.

CAHILL GORDON & REINDEL LLP

(S.D.N.Y. May 26, 2021) (denying motion to take more than ten depositions where party made "no effort to rank or prioritize the depositions they seek to take" rendering it "inappropriate for the Court to undertake the necessary winnowing of the [movant's] witness list"). Plaintiffs neither responded to that proposal nor explained why they disagree with it. Instead, they filed the November 15 Letter asking for fifteen depositions without any substantive justification.

        For these reasons, Defendants respectfully submit that Plaintiffs' requests should be denied.

        Respectfully submitted,

        /s/ *Sheila C. Ramesh*

        Sheila C. Ramesh

The Honorable Sarah Netburn
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**BY ECF**