```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/13/2023_____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SET CAPITAL LLC, et al., Individually and on Behalf of All Others Similarly Situated,

                Plaintiffs,

-against-

CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, CREDIT SUISSE INTERNATIONAL, TIDJANE THIAM, DAVID R. MATHERS, JANUS HENDERSON GROUP PLC, JANUS INDEX & CALCULATION SERVICES LLC, and JANUS DISTRIBUTORS LLC d/b/a JANUS HENDERSON DISTRIBUTORS,

                Defendants.

18 Civ. 2268 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On October 14, 2022, Defendants Credit Suisse Group AG, Credit Suisse AG, Credit Suisse International, Tidjane Thiam, and David R. Mathers filed two motions seeking the sealing and redaction of documents related to Defendants' opposition to Plaintiffs' motion for class certification and Defendants' motion to exclude the expert opinions of Joshua Mitts. *See* ECF Nos. 198, 203. The documents include:

- Defendants' memorandum in opposition to Plaintiffs' motion for class certification, ECF No. 199; *see also* ECF No. 201;
- Exhibits B (in part), C, D, E, F, and L to Herbert S. Washer's declaration in support of Defendants' opposition memorandum, ECF No. 200; *see also* ECF No. 202;
- Defendants' memorandum in support of their motion to exclude Mitts's opinions, ECF No. 205; *see also* ECF No. 207; and
- Exhibits D (in part), E, and G (in part) to Herbert S. Washer's declaration in support of Defendants' motion to exclude Mitts's opinions, ECF No. 206; *see also* ECF No. 208.

ECF Nos. 198-1, 203-1. Plaintiffs do not oppose Defendants' requests. *See* ECF No. 198 at 2; ECF No. 203 at 2. On October 31, 2022, the Honorable Sarah Netburn granted the motion to

seal documents related to Defendants' motion to exclude expert testimony, ECF No. 203, on a temporary basis pending review of the underlying motion.  *See* ECF No. 210.

For the reasons stated below, Defendants' motions are DENIED.

I. <u>Legal Standard</u>

"The common law right of public access to judicial documents is firmly rooted in our nation's history."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  This presumption of access "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice."  *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).  Documents are considered judicial documents if they are "relevant to the performance of the judicial function and useful in the judicial process."  *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citation omitted).  Moreover, the "relevance" of a specific document does not depend on "which way the court ultimately rules or whether the document ultimately in fact influences the court's decision."  *Id*.  Rather, what is important is whether a document "would reasonably have the *tendency* to influence a district court's ruling on a motion."  *Id*.  When dealing with non-dispositive motions, such as motions *in limine*, the presumption of public access is "generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment."  *Id.* at 50.

After finding that documents are judicial documents to which the common law presumption of access attaches, courts must "balance competing considerations against" that presumption.  *Lugosch*, 435 F.3d at 120 (citation omitted).  The sealing of judicial documents "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."  *Id*. at 124.

Although the protection of sensitive, confidential, or proprietary business information is a countervailing interest that can militate in favor of sealing, *see SEC v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020), "conclusory statements that documents contain confidential business information" are insufficient to justify sealing, *United States v. Wells Fargo Bank N.A.*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015). Rather, the moving party must make a "particular and specific demonstration of fact[] showing that disclosure would result in an injury sufficiently serious to warrant protection." *Id*. (citation omitted). The interests in favor of non-disclosure can include "the privacy interests of those resisting disclosure," *In re United States for Material Witness Warrant*, No. 19 Misc. 447, 2020 WL 3959208, at *3 (S.D.N.Y. July 13, 2020) (citations omitted), but "bargained-for confidentiality does not overcome the presumption of access to judicial documents," *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018).

    II.    <u>Application</u>

As a threshold matter, the documents that Defendants seek to seal and redact are judicial documents because they are relevant to the Court's decisions on the motions for class certification and to exclude expert testimony. *See Brown*, 929 F.3d at 49. Defendants do not otherwise argue that the documents they request to seal and redact are not judicial documents. *See generally* ECF Nos. 198, 203. To the contrary, Defendants state that "in order to adequately set forth the arguments" in their memoranda, they "must reference" these documents. ECF No. 198 at 2; ECF No. 203 at 2. These documents include legal briefs, expert reports, deposition transcripts, and a court record filed in connection with the parties' motions, *see* ECF Nos. 198-1, 203-1, which may have the tendency to influence the Court's decision on those motions, *see Brown*, 929 F.3d at 49. Because the documents were submitted in connection with non-

dispositive motions, they are "subject to a lesser—but still substantial—presumption of public access." *Id.* at 53.

Defendants contend that these documents "have been designated 'Confidential' pursuant to the [p]rotective [o]rder entered by this Court" and "include proprietary business information that Defendants have designated as 'Confidential', as well as certain of Plaintiffs' non-public information that was elicited during depositions, the transcripts of which Plaintiffs have designated Confidential." ECF No. 198 at 2; ECF No. 203 at 2. Further, Defendants add that "[t]here is no material benefit in these documents being made public and no prejudice to the Plaintiffs or the public in these documents remaining sealed." ECF No. 198 at 2; ECF No. 203 at 2.

The Court concludes that Defendants have not met their burden to warrant sealing of the documents submitted in relation to their class certification opposition and motion to exclude. For the legal briefs and expert reports, Defendants rely on "conclusory statements that documents contain confidential business information," which are insufficient to justify sealing. *Wells Fargo Bank N.A.*, 2015 WL 3999074, at *4. And, as to all the documents, Defendants argue that the documents should be sealed or redacted because they have been designated "Confidential" by the parties. But, "bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernsten*, 307 F. Supp. 3d at 168. Defendants do not offer any other "higher values" that would be served by a sealing order or why these higher values would outweigh the substantial presumption of public access. *Lugosch*, 435 F.3d at 120, 124. Accordingly, Defendants' motions to seal are DENIED.

## CONCLUSION

For the foregoing reasons, Defendants' motions, ECF Nos. 198, 203, are DENIED. By

4

**February 17, 2023**, Defendants shall file unsealed and unredacted versions of ECF Nos. 199, 200, 205, and 206 on the public docket.

The Clerk of Court is directed to terminate the motion at ECF No. 198.

SO ORDERED.

Dated: February 13, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge