# COHENMILSTEIN

Laura Posner
(212) 220-2925
lposner@cohenmilstein.com

February 28, 2023

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

     Re:    *Set Capital LLC, et al.,* v. *Credit Suisse Group AG, et al.,*
                  *No. 18-CV-02268 (AT) (SN)*

Dear Magistrate Judge Netburn:

     We respectfully submit this letter pursuant to the Court's February 22, 2023, order requiring the parties to simultaneously file letters explaining their position regarding Plaintiffs' request for a Rule 30(b)(6) deposition of Credit Suisse (ECF No. 243).

     Pursuant to that order, on February 23, 2023, Lead Plaintiffs served Defendants with a Rule 30(b)(6) notice containing four limited topics. As laid out in Exhibit A, those topics are: (1) the trading and hedging activity of Credit Suisse's Prime Brokerage desk related to XIV Notes including, but not limited to, borrowing, lending/loaning, delivery and short sales transactions; (2) the risk profiles, economic incentives, and potential payout(s) for: (i) Credit Suisse with respect to XIV Note swap agreements; (ii) XIV Note swap agreement counterparties; and (iii) XIV Note borrowers; (3) Credit Suisse's knowledge and/or expectations regarding divergence between the value and price of XIV Notes from XIVIV from October 2017 to February 2018; (4) Credit Suisse's knowledge, expectation and/or modeling of the likelihood that holders of XIV Notes would hedge their exposure during a volatility event, and any information regarding the potential or actual price impact of that hedging activity on XIV Notes.

     On February 27, the parties met and conferred regarding the Rule 30(b)(6) notice. During that meet and confer, Lead Plaintiffs and Defendants agreed to a Rule 30(b)(6) deposition covering topics (2)(i) and (2)(ii). Given this and Elena Rodger's pending deposition, Lead Plaintiffs anticipate needing to file a motion to modestly extend the fact discovery deadline once those dates have been chosen. In the spirit of compromise, Lead Plaintiffs agreed to withdraw topic (3) unconditionally and topic (4) in exchange for an affidavit from Defendants affirming that no such

COHENMILSTEIN

February 28, 2023
Page 2

modeling occurred. No agreement was reached regarding topics (1) and (2)(iii). Specifically, Defendants refuse to agree to these – or any topics, no matter how narrowly tailored – related to their lending of XIV notes, on the grounds that Credit Suisse's lending of XIV Notes are purportedly "completely irrelevant" here. Defendants' position is factually and legally baseless.

Factually, Credit Suisse does not dispute its very substantial, but undisclosed, lending of XIV Notes to short-sellers: **as much as 90% of the XIV Notes in Credit Suisse's inventory were being lent out.**[1] Nor does Credit Suisse dispute that it was aware that XIV Note borrowers would need to hedge their short positions in the event of a spike in the volatility of the VIX, just as Credit Suisse did,[2] or that it knew that its lending of XIV Notes incentivized the borrowers of those shares to push down the value of XIV in order to profit from their short-selling.[3]

Legally, Credit Suisse provides no basis for its position that Lead Plaintiffs cannot conform their pleadings to the evidence. While Defendants' prospectus stated that they "may issue [XIV Notes] into inventory of our affiliates to make them available for lending," the prospectus failed to disclose that Defendants knew or recklessly disregarded that their lending would force market participants to hedge their positions when a volatility spike inevitably occurred, causing a feedback loop that would crash XIV, and thereby making their prospectus statements materially misleading.[4] There can be no question that Plaintiffs' claims include that Defendants' prospectus was false and misleading and omitted to disclose specific facts. That the prospectus was misleading in **additional** ways than those alleged in the Complaint is of no moment, as plaintiffs are permitted to conform their pleadings to evidence. *See Friedl v. City of N.Y.*, 210 F.3d 79, 88 (2d Cir. 2000) (holding that motions to amend should be granted where the amendment was proposed only after discovery revealed additional relevant facts). *See also* Lead Plaintiffs' Motion to Compel Depositions and Unredacted Documents (ECF No. 236). Moreover, Credit Suisse's lending of XIV notes is relevant to causation and damages given its potential role in causing the crash of XIV. Under Rule 26, "a flexible treatment of relevance is required [in discovery]." Fed. R. Civ. P. 26.

---

[1] *See* Plaintiffs' Exhibit 90, XIV-Lit-001054748 ("Of the XIV and TVIX shares we have in inventory, we are lending 90% of them.").

[2] Plaintiffs' Exhibit 138, XIV-Lit-000475860, at p. 34 (noting that daily rebalancing of XIV creates a feedback loop, "for all levered ETNs, CS is short leverage gamma or has wrong-way exposure, i.e., CS has to buy hedges in a rallying market and sell hedges in a decreasing market.").

[3] Exhibit B, Mayer Dep. Tr. at 48:4-7 ("Q. So in that instance, borrowing XIV is equivalent to being short XIV? A. That's what I would have imagined they may have been doing, yes.")

[4] Plaintiffs' Exhibit 133, XIV-Lit-000474001 ("[d]id we drive the price of the VIX futures higher while trying to hedge?"); Plaintiffs' Exhibit 148, XIV-Lit-0000274044, p. 8 ("[o]n the days of volatility spikes volumes in VIX Future increase significantly.").

COHENMILSTEIN

February 28, 2023
Page 3

Credit Suisse's massive, secret lending of XIV and its role in the crash of XIV certainly clear that low bar here.

                                                Respectfully submitted,

                                                */s/ Laura H. Posner*
                                                Laura H. Posner

                                                *Counsel for Lead Plaintiffs Set Capital LLC, Stefan Jager, Aleksander Gamburg, and Apollo Asset Limited*