UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SET CAPITAL LLC, et al., Individually and on
Behalf of All Others Similarly Situated,

                                        Plaintiffs,

            -against-

CREDIT SUISSE GROUP AG,
CREDIT SUISSE AG, CREDIT
SUISSE INTERNATIONAL,
TIDJANE THIAM, DAVID R. MATHERS,
JANUS HENDERSON GROUP PLC,
JANUS INDEX & CALCULATION SERVICES LLC,
and JANUS DISTRIBUTORS LLC d/b/a/
JANUS HENDERSON DISTRIBUTORS,

                                        Defendants.

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___ 3/10/2023 ___

18-CV-02268 (AT)(SN)

ORDER

**SARAH NETBURN, United States Magistrate Judge**:

Upon review of the parties' and non-party Cboe's letters at ECF Nos. 242, 248, 255, and 256, the Court finds that Plaintiffs have satisfied the low threshold for relevance set out in Fed. R. Civ. P. 26(b)(1). This is particularly true in light of our judicial system's well-established preference for full and complete discovery.[1]

In addition, Cboe has asserted no privilege that would justify non-disclosure of the market participants' identities sought by Plaintiffs, and while the "right of access to discovery materials is frequently qualified in the interest of protecting legitimate interests,"[2] the privacy interests identified by Cboe are substantially mitigated or entirely addressed by the staleness of

---

[1] See S.E.C. v. Rajaratnam, 622 F.3d 159, 180–81 (2d Cir. 2010) ("The 'fundamental maxim of discovery [is] that mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" (quoting Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa, 482 U.S. 522, 540 n. 25 (1987))).
[2] Id. at 181.

the transactions at issue, the fact that XIV no longer exists, and the parties' protective order. See

ECF No. 197.

Accordingly, Plaintiffs' motion to compel Cboe's production of the identities of market

participants identified in ECF No. 242 is GRANTED. The Clerk of Court is respectfully directed

to terminate the gavel at ECF No. 242.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:        March 10, 2023
              New York, New York