**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SET CAPITAL LLC, et al.,

                       Plaintiff,

        v.

CREDIT SUISSE GROUP AG, et al.,

                       Defendants.

1:18-cv-02268 (AT) (SN)

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR RECONSIDERATION OF CLASS
## <u>CERTIFICATION ORDER</u>

**CAHILL GORDON & REINDEL LLP**
Herbert S. Washer
Tammy L. Roy
Edward N. Moss
Ivan Torres
32 Old Slip
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
hwasher@cahill.com
troy@cahill.com
emoss@cahill.com
itorres@cahill.com

*Attorneys for Credit Suisse Group AG, Credit Suisse AG, Credit Suisse International, Tidjane Thiam, and David R. Mathers*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

LEGAL STANDARD.................................................................................................................... 4

PROCEDURAL HISTORY............................................................................................................ 4

ARGUMENT ................................................................................................................................. 5

I.      LEAD PLAINTIFFS WERE REQUIRED TO DEMONSTRATE STANDING BY A
      "PREPONDERANCE OF THE EVIDENCE" IN ORDER TO MEET THE
      TYPICALITY AND ADEQUACY REQUIREMENTS OF FEDERAL RULE 23(a) ...... 5

II.     NO LEAD PLAINTIFF PROVIDED ANY EVIDENCE OF THE TRACEABILITY OF
      THEIR XIV NOTES TO THE CHALLENGED OFFERING .......................................... 9

CONCLUSION.............................................................................................................................. 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Comcast Corporation* v. *Behrend*,
    569 U.S. 27 (2013) ................................................................................................6, 8, 9

*DiLaura* v. *Power Authority of the State of New York*,
    982 F.2d 73 (2d Cir. 1992) ...................................................................................4

*Farsura* v. *QC Terme US Corp.*,
    2022 WL 16838212 (S.D.N.Y. Nov. 8, 2022) .....................................................4

*In re Global Crossing, Ltd. Sec. Litig.*,
    313 F. Supp. 2d 189 (S.D.N.Y. Dec. 22, 2003) ..............................................3, 6, 7

*Goldman Sachs Group, Inc.* v. *Arkansas Teacher Retirement System*,
    141 S. Ct. 1951 (2021) ...................................................................................3, 8, 9

*Ho* v. *Duoyuan Global Water*,
    887 F. Supp. 2d 547 (S.D.N.Y. 2012) .................................................................7

*In re Initial Public Offering Sec. Litig.*,
    227 F.R.D. 65 (S.D.N.Y. 2004) .....................................................................6, 7, 10

*Levitt* v. *J.P. Morgan Securities, Inc.*,
    710 F.3d 454 (2d Cir. 2013) ...............................................................................9

*In re Quarterdeck Office Systems, Inc. Sec. Litig.*,
    1993 WL 623310 (C.D. Cal. Sept. 30, 1993) ................................................6, 7, 11

*In re Smart Technologies, Inc. Shareholder Litig.*,
    295 F.R.D. 50 (S.D.N.Y. 2013) .........................................................................5, 9

*Teamsters Local 445 Freight Division Pension Fund* v. *Bombardier Inc.*,
    546 F.3d 196 (2d Cir. 2008) ...............................................................................6

*Wal-Mart Stores, Inc.* v. *Dukes*,
    564 U.S. 338 (2011) ....................................................................................2, 6, 8, 9

*Wallace* v. *IntraLinks*,
    302 F.R.D. 310 (S.D.N.Y. 2014) .................................................................5, 6, 8, 9

**Other Authorities**

Fed. R. Civ. P. 23 .......................................................................................... *passim*

Fed. R. Civ. P. 54.........................................................................................................................1, 4

Credit Suisse Group AG, Credit Suisse AG and Credit Suisse International (collectively, "Credit Suisse"), Tidjane Thiam and David R. Mathers (together with Credit Suisse, "Defendants") respectfully submit this memorandum of law in support of their motion for reconsideration pursuant to Federal Rules of Civil Procedure 23(c)(1)(C) and 54(b), and Local Civil Rule 6.3.  This motion is limited to the portion of the Court's March 16, 2023 Order (the "Order") (ECF No. 260) that certified the "Securities Act Class."[1]

## PRELIMINARY STATEMENT

In its March 16, 2023 Order, this Court certified a class of persons who purchased or acquired XIV notes pursuant to or traceable to an allegedly misleading January 29, 2018 pricing supplement, notwithstanding that ***not one*** class representative provided evidence that he had in fact purchased or acquired XIV notes traceable to the challenged offering.  Courts have repeatedly held that a class representative must demonstrate his own standing to assert a Section 11 claim before he may represent a class.[2]  Without standing, a class representative simply cannot establish the necessary requirements of typicality and adequacy under Federal Rule 23(a).   In fact, Defendants are not aware of a single case in the Second Circuit where a court has deferred the question of standing and granted class certification notwithstanding that the class representative's ability to trace his or her shares was in question; the two cases on which the Court relied do not hold otherwise.  Accordingly, Defendants respectfully seek reconsideration.

---

[1] The "Securities Act Class" is defined as:  "all persons and entities that purchased or acquired [XIV Notes] pursuant to or traceable to [the] Offering Documents, and were damaged thereby."  Order at 5.

[2] "[O]nly those who can trace their shares to the allegedly misleading registration statement have standing in a [§] 11 claim."  Order at 20 (citation omitted).

It is beyond question that a class representative must be a part of the class that he or she seeks to represent.  *See Wal-Mart Stores, Inc.* v. *Dukes*, 564 U.S. 338, 348–49 (2011).  At the class certification stage, it is not sufficient for a class representative to simply rely on the allegations of the complaint to make this showing.  Rather, a class representative must meet all of the requirements of Federal Rule 23, including the requirements of typicality and adequacy, by a "preponderance of the evidence."  Order at 14.  Here, to demonstrate that Lead Plaintiffs are members of the Securities Act Class they seek to represent, they were required to show, *inter alia*, that they could trace their own XIV notes to the challenged offering.  Yet, after months of discovery and notwithstanding voluminous class certification briefing, Lead Plaintiffs provided no evidence whatsoever—let alone a "preponderance of evidence"—to demonstrate the traceability of their XIV notes to the challenged offering.

In its Order, the Court found that the issue of "tracing is a merits issue that the court need not consider at the class certification stage." Order at 20–21.[3]  In so holding, this Court overlooked that, although tracing is a merits issue, it is also a standing issue.  Without standing to assert a Section 11 claim, Lead Plaintiffs do not satisfy the typicality and adequacy requirements of Rule 23(a).  And while the two authorities cited by the Court in its Order suggest that (at least, historically) some courts have found that the issue of tracing with respect to ***absent class members*** can be deferred to a later stage, neither stands for the proposition that ***Lead Plaintiffs*** need not provide evidence of their own standing when challenged at class certification.  Furthermore, to the extent the Order, and the authorities on which it relies, are based on the premise that a Rule 23

---

[3]  In evaluating the predominance requirement of Rule 23(b), the Court further found that "the liability issue, which involves the class-wide issue of whether the Offering Documents contain material misstatements and omissions as alleged by Plaintiffs, 'clearly predominates over individualized tracing inquiries.'"  Order at 20–21 (citation omitted).

analysis must avoid consideration of the "merits" of a claim on class certification, they are in direct conflict with recent United States Supreme Court precedent that instructs that "a court has an obligation before certifying a class to determin[e] that Rule 23 is satisfied, *even when that requires inquiry into the merits*." *Goldman Sachs Group, Inc.* v. *Arkansas Teacher Retirement System*, 141 S. Ct. 1951, 1960–61 (2021) (emphasis added).

To be clear, for the reasons set forth in Defendants' Opposition to Plaintiffs' Motion for Class Action Certification (ECF No. 199), at 11–12—including the fact that there were more than 10,000,000 XIV notes outstanding in the market before the offering at issue—Defendants maintain that no class member will be able to make the required showing of traceability and that the individualized inquiries necessary to evaluate traceability for each class member predominate over common issues.  On this motion for reconsideration, Defendants do not reargue these points.[4] However, there is simply no authority to support the proposition that a class can be certified where *no* class representative has provided evidence of traceability or, in other words, has demonstrated that he or she is part of the class to be certified.[5]

Lead Plaintiffs' failure to provide evidence of the traceability of their own XIV notes to the challenged offering precludes a finding of the typicality and adequacy requirements of Rule 23(a).  Because the Court appears to have focused on the issue of traceability only as it relates to the predominance requirement of Rule 23(b), Defendants respectfully move for reconsideration.

---

[4] Defendants are also filing a petition for permission to appeal aspects of the Court's Order in accordance with Federal Rule of Civil Procedure 23(f).

[5] *See, e.g.*, *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 207 (S.D.N.Y. 2003) ("Thus, it is not enough that plaintiffs seek damages only for a class that has standing; at least one named plaintiff must be a member of that class—that is, a named plaintiff must have purchased shares traceable to the challenged offering.").

## LEGAL STANDARD

"Under Rule 54 of the Federal Rules of Civil Procedure, the Court has the inherent power to reconsider any of its decisions prior to the entry of a final judgment adjudicating all claims at issue." *Farsura* v. *QC Terme US Corp.*, 2022 WL 16838212, at *1 (S.D.N.Y. Nov. 8, 2022) (Torres, J.) (citing Fed. R. Civ. P. 54(b)).  Reconsideration is warranted where the movant identifies an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *DiLaura* v. *Power Authority of the State of New York*, 982 F.2d 73, 76 (2d Cir. 1992) (citation omitted).  Rule 23(c)(1)(C) also empowers the court to "alter[] or amend[]" an order granting class certification.  Fed. R. Civ. P. 23.

In seeking reconsideration, the moving party must "set[ ] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  Local Civil Rule 6.3.

## PROCEDURAL HISTORY

On July 1, 2022, Lead Plaintiffs filed their motion for class certification, seeking the certification of three classes of investors in XIV notes:  the proposed "Misrepresentation Class," the "Manipulation Class," and the "Securities Act Class."

On October 14, 2022, Defendants filed their opposition to Lead Plaintiffs' motion ("Def. Opp.") (ECF No. 201).  With respect to the proposed Securities Act Class, Defendants argued, *inter alia*, that Lead Plaintiffs "failed to offer any evidentiary basis for tracing the class representatives' purchases" to the challenged offering. Def. Opp. at 12.  Defendants further argued that Lead Plaintiffs' failure to do so meant that Lead Plaintiffs had not established that they had standing to assert a Section 11 claim and thus, were members of the class they seek to represent, precluding the typicality and adequacy requirements of Federal Rule 23(a).  *Id.* at 28–29.[6]

---

[6] While it would have been untimely in any event, even in their reply brief, Lead Plaintiffs provided no evidentiary basis to address Defendants' challenge to their standing.  *See* Lead Plaintiffs' Reply Mem. of

Defendants also argued that, in addition to Lead Plaintiffs' failure to demonstrate their own standing, Lead Plaintiffs also "failed to suggest any methodology that would allow for the tracing of purchases by the Securities Act Class on a class-wide basis" and that the "individualized proof" that therefore would be necessary to establish standing for each class member "would predominate over class-wide issues" and preclude class certification.  *Id.* at 12.

On March 16, 2023, the Court denied Lead Plaintiffs' motion to certify the Misrepresentation Class and Manipulation Class, but granted the certification of the Securities Act Class.  With respect to both the claims of Lead Plaintiffs, and those of absent class members, the Court found that "tracing is a merits issue that the court need not consider at the class certification stage."  Order at 19–20 (citing *Wallace* v. *IntraLinks*, 302 F.R.D. 310, 319 (S.D.N.Y. 2014)).  The Court further found that "although 'traceability may require individualized inquiries, the potential for such inquiries alone does not defeat predominance' because the liability issue, which involves the class-wide issue of whether the Offering Documents contain material misstatements and omissions as alleged by Plaintiffs, 'clearly predominates over individualized tracing inquiries.'" Order at 20–21 (citing *In re Smart Technologies, Inc. Shareholder Litig.*, 295 F.R.D. 50, 61 (S.D.N.Y. 2013)).

## **ARGUMENT**

## I.  **LEAD PLAINTIFFS WERE REQUIRED TO DEMONSTRATE STANDING BY A "PREPONDERANCE OF THE EVIDENCE" IN ORDER TO MEET THE TYPICALITY AND ADEQUACY REQUIREMENTS OF FEDERAL RULE 23(a)**

Rule 23 "does not set forth a mere pleading standard."  *Comcast Corporation* v. *Behrend*, 569 U.S. 27, 33 (2013) (quoting *Wal-Mart*, 564 U.S. at 350–51).  Rather, "a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23," including

---

Law in Support of Motion for Class Certification ("Pl. Reply") (ECF No. 220).

being "prepared to prove" the requirements of Rule 23(a).  *Id.* (quoting *Wal-Mart*, 564 U.S. at 350).  In assessing the propriety of class certification, a court must "'resolve[] factual disputes relevant to each Rule 23 requirement,' and '[to] find[] that whatever underlying facts are relevant to a particular Rule 23 requirement have been established,' notwithstanding an issue's overlap with the merits."  *Teamsters Local 445 Freight Division Pension Fund* v. *Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008) (citation omitted).  Furthermore, it is the "preponderance of the evidence standard" that "applies to evidence proffered to establish Rule 23's requirements."  *Id.*

On class certification, Defendants challenged Lead Plaintiffs' standing to assert claims under Section 11 because there is no evidence in the discovery record or offered on class certification to show that Lead Plaintiffs' own XIV notes can be traced to the challenged offering.  Def. Opp. at 12, 28–29.  As this Court correctly recognized in its Order, "only those who can trace their shares to the allegedly misleading registration statement have standing in a [§] 11 claim."  Order at 20 (quoting *Wallace*, 302 F.R.D. at 319).

A named plaintiff's "standing or lack thereof relates to the typicality of their claims and whether they can adequately represent the absent plaintiffs as required under Rule 23."  *In re Quarterdeck Office Systems, Inc. Sec. Litig.*, 1993 WL 623310, at *2 (C.D. Cal. Sept. 30, 1993); *see also In re Initial Public Offering Sec. Litig.*, 227 F.R.D. 65, 96 (S.D.N.Y. 2004) (holding that "class representatives are atypical with respect to plaintiffs' section 11 classes [when] they are subject to the unique defense that they cannot trace their shares to an allegedly defective registration statement"), *vacated on other grounds*, 47 F.3d 24 (2d Cir. 2006)); *In re Global Crossing*, 313 F. Supp. 2d at 208 (holding that "named plaintiffs lack standing to assert a claim pursuant to section 11, and therefore to represent the class of purchasers of GC common stock traceable to that offering"); *In re Quarterdeck*, 1993 WL 623310, at *3 (denying class certification

6

where, *inter alia*, "Plaintiffs' lack of standing to bring the Section 11 claim indicates that their claims are not typical of the claims alleged by the class and that they could not adequately represent the class on this basis").

Moreover, standing and traceability cannot simply be presumed at class certification; they must be supported by evidence.  *In re Initial Public Offering*, 227 F.R.D. at 118 ("[P]laintiffs are not entitled to a presumption of traceability."); *see also Ho* v. *Duoyuan Global Water*, 887 F. Supp. 2d 547 (S.D.N.Y. 2012) ("[D]espite the difficulty in proving traceability, 'plaintiffs are not entitled to a presumption of traceability.'") (citation omitted).[7]  Nor is traceability satisfied merely where a plaintiff provides evidence that their shares "might" have been registered shares.  *See In re Initial Public Offering*, 227 F.R.D. at 117 (holding "it is 'insufficient that [a plaintiff's] stock 'might' have been issued pursuant to a defective [registration] statement'") (citation omitted); *In re Quarterdeck*, 1993 WL 623310, at *3 ("Plaintiffs attempt to use statistical analysis to show that their shares 'might' have been registered shares.  This speculative basis for standing, without more, is insufficient for the purposes of § 11.").

Yet, here, notwithstanding that a material dispute exists on the issue of traceability (Def. Opp. at 12, 28–29), Lead Plaintiffs offered no evidence to demonstrate that they have standing to assert Section 11 claims.  Instead, they urged the Court to defer this issue to a later stage because it was a "merits issue that the court need not consider at the class certification stage."  Pl. Reply at 14 (citing *Wallace*, 302 F.R.D. at 319).  In accepting Plaintiffs' argument (Order at 19–20 (citing *Wallace*, 302 F.R.D. at 319)), the Court overlooked two fundamental points.

---

[7] "Tracing may be established either through proof of a direct chain of title from the original offering to the ultimate owner (*e.g.,* if the owner was an allocant in the IPO, or took actual physical possession of share certificates directly from an allocant), or through proof that the owner bought her shares in a market containing only shares issued pursuant to the allegedly defective registration statement."  *In re Initial Public Offering*, 227 F.R.D. at 117–18.

First, as the Supreme Court has repeatedly held, the fact that a question relevant to class certification may overlap with the merits of a claim is **not** a basis to defer ruling on that question. *See Goldman*, 141 S. Ct. at 1960–61 ("As we have repeatedly explained, a court has an obligation before certifying a class to 'determin[e] that Rule 23 is satisfied, *even when that requires inquiry into the merits*.'") (emphasis added) (citation omitted).  The required "rigorous analysis" under Rule 23 "will frequently entail 'overlap with the merits of the plaintiff's underlying claim.'  That is so because the 'class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'"  *Comcast*, 569 U.S. at 33–34 (holding that lower court's refusal "to entertain arguments against [plaintiffs' proposed] damages model that bore on the propriety of class certification, simply because those arguments would also be pertinent to the merits determination," "ran afoul of [Supreme Court] precedents requiring precisely that inquiry") (citation omitted); *Wal-Mart*, 564 U.S. at 351 ("Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim.  That cannot be helped.").  Accordingly, the fact that traceability also raises a merits question was not a basis to defer ruling on Lead Plaintiffs' lack of standing on class certification.

Second, neither of the cases relied on by the Court in its Order involved a challenge to the class representative's standing and thus typicality and adequacy under Rule 23(a).  Rather, those cases addressed the distinct issue of whether certain putative class members could be excluded from the certified class because individualized inquiries with respect to the traceability of the shares of those class members would predominate over common issues.  *See, e.g.*, *Wallace*, 302 F.R.D. at 319 (in conducting predominance analysis, denying defendants' request to exclude aftermarket purchasers from class and holding that such purchasers "retain the possibility of obtaining relief through the Section 11 claims" because "tracing is a merits issue that the court

need not consider at the class certification stage"); *In re Smart Technologies, Inc. Shareholder Litig.*, 295 F.R.D. at 60–62 (in conducting predominance analysis, denying defendants' request "for exclusion of any putative class member" who purchased shares in the secondary market because "making an assumption now that an aftermarket purchaser cannot show traceability . . . would preemptively preclude class members, without providing an opportunity to develop the factual issues on which resolution of the tracing question may turn").   Neither of these cases involved challenges to the standing of the class representatives and neither stands for the proposition that a disputed issue over a class representative's standing can be simply deferred to a later stage of the litigation.[8]

In evaluating a motion for class certification, a court is "required to make a definitive assessment of Rule 23 requirements, notwithstanding their overlap with merits issues, and [to] resolve material factual disputes relevant to each Rule 23 requirement."  *Levitt* v. *J.P. Morgan Securities, Inc.*, 710 F.3d 454, 464–65 (2d Cir. 2013) (citation omitted).  Thus, here, the question of Lead Plaintiffs' standing should not have been deferred.  The requirements of typicality and adequacy could not have been adequately found without addressing this fundamental threshold issue.  Because the Court did not resolve the material dispute concerning the traceability of Lead Plaintiffs' XIV notes, Defendants seek reconsideration.

## II.  NO LEAD PLAINTIFF PROVIDED ANY EVIDENCE OF THE TRACEABILITY OF THEIR XIV NOTES TO THE CHALLENGED OFFERING

In the Amended Complaint, Lead Plaintiffs summarily allege that they "purchased XIV notes issued in, or traceable to, the January [2018] Supplement (and the remaining offering

---

[8] In fact, only one of the cases that Plaintiffs cited on class certification involved a challenge to a named plaintiff's standing.  That out-of-circuit decision predates the Supreme Court decisions in *Wal-Mart, Comcast*, and *Goldman.  See* Pl. Reply at 4 n.2 (citing *Schwartz* v. *Celestial Seasonings, Inc.*, 178 F.R.D. 545 (D. Colo. 1998)).

documents incorporated by reference therein) and were damaged thereby."  Amended Complaint ¶ 313 (ECF No. 190).  As demonstrated above, on class certification, they were required to show more.

As recognized by this Court, traceability can be "established either through proof of a direct chain of title from the original offering to the plaintiff or through proof that the plaintiff bought her shares in a market containing only shares issued pursuant to the allegedly defective registration statement."  Order at 20 n. 10 (citing *In re Initial Public Offering Sec. Litig.*, 471 F.3d at 31 n.1). On class certification, Lead Plaintiffs offered no evidence on this issue.  They provided no proof of a direct chain of title from their shares to the challenged offering.  Similarly, they provided no proof that Lead Plaintiffs' shares were purchased in a market containing only shares issued pursuant to the January 2018 offering.

In fact, as to the latter alternative to proving traceability, the evidence on class certification showed the opposite.  The record evidence confirms that the approximately 4.2 million XIV notes offered pursuant to the challenged January 2018 pricing supplement were ***not*** the only shares in the market at the time of Lead Plaintiffs' purchases.  The record shows there were more than 10 million XIV notes already in the market at that time.  *See* Declaration of Herbert S. Washer in Support of Defendants' Opposition to Plaintiffs' Motion for Class Action Certification, ECF No. 238, Ex. A (Pricing Supplement, dated Jan. 29, 2018 ("PS")), at PS-Cover at 1, 2.[9]

---

[9] Thus, the January 29, 2018 offering, involving the issuance of an additional 4.2 million notes, represented only approximately 28% of all outstanding XIV notes.  As discussed above, courts routinely reject attempts to show traceability through a mere statistical analysis, finding that a showing that "it is more probable than not that [a plaintiff's] shares are traceable to the registration statement" is insufficient to prove standing. *See, e.g., In re Quarterdeck*, 1993 WL 623310, at *2–3 ("Plaintiffs' statistical argument has been rejected by numerous courts addressing the issue.").  In *In re Quarterdeck*, this was true even though plaintiffs purported to show that "97% of the shares outstanding when plaintiffs purchased their shares were issued pursuant to the registration statement" at issue. *Id.*  Here, the record evidence shows far less of a probability.

The evidence on class certification further demonstrated that not one of the Lead Plaintiffs at their respective depositions was able to identify any basis to demonstrate the traceability of their own XIV Notes to the challenged registration statement.  *See* Washer Decl. Ex. C (Jager Tr.) at 88:11–14; Ex. D (Fredly Tr.) at 77:12–78:6; Ex. E (Sylvester Tr.) at 157:18–159:9); Ex. F (Gamburg Tr.) at 63:13–16 ("There is no way for me to personally find out and look whether, you know, whether the shares are traceable to the issuance period after January 29.").

In short, on class certification, Lead Plaintiffs offered no evidence, let alone a preponderance of the evidence, to support the purported traceability of their shares and thus, their standing to assert a Section 11 claim.  Accordingly, Lead Plaintiffs did not meet their burden to demonstrate compliance with the typicality and adequacy requirements of Rule 23(a), and the Securities Act Class should not have been certified.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court reconsider the Order and, upon reconsideration, deny Plaintiffs' motion to certify the Securities Act Class.

11

Dated:  March 30, 2023
         New York, New York

CAHILL GORDON & REINDEL LLP

By: /s/ Herbert S. Washer
        Herbert S. Washer
        Tammy L. Roy
        Edward N. Moss
        Ivan Torres
    32 Old Slip
    New York, New York 10005
    Telephone: (212) 701-3000
    Facsimile: (212) 269-5420
    hwasher@cahill.com
    troy@cahill.com
    emoss@cahill.com
    itorres@cahill.com

    *Attorneys for Credit Suisse Group AG,
    Credit Suisse AG, Credit Suisse
    International, Tidjane Thiam, and David
    R. Mathers*

12