# CAHILL GORDON & REINDEL LLP
## 32 OLD SLIP
## NEW YORK, NY 10005

| | | | | |
|---|---|---|---|---|
| DANIEL R. ANDERSON | HELENA S. FRANCESCHI | TELEPHONE: (212) 701-3000 | GEOFFREY E. LIEBMANN | RICHARD A. STIEGLITZ JR. |
| HELENE R. BANKS | JOAN MURTAGH FRANKEL | WWW.CAHILL.COM | MARK LOFTUS | SUSANNA M. SUH |
| ANIRUDH BANSAL | JONATHAN J. FRANKEL | _____ | JOHN MacGREGOR | ANTHONY K. TAMA |
| DAVID L. BARASH | SESI GARIMELLA | | BRIAN T. MARKLEY | JOHN A. TRIPODORO |
| LANDIS C. BEST | ARIEL GOLDMAN | 1990 K STREET, N.W. | MEGHAN N. McDERMOTT | HERBERT S. WASHER |
| CHRISTOPHER BEVAN | PATRICK GORDON | WASHINGTON, DC 20006-1181 | WILLIAM J. MILLER | MICHAEL B. WEISS |
| BROCKTON B. BOSSON | JASON M. HALL | (202) 862-8900 | EDWARD N. MOSS | DAVID WISHENGRAD |
| JONATHAN BROWNSON * | STEPHEN HARPER | | JOEL MOSS | C. ANTHONY WOLFE |
| DONNA M. BRYAN | WILLIAM M. HARTNETT | CAHILL GORDON & REINDEL (UK) LLP | NOAH B. NEWITZ | ELIZABETH M. YAHL |
| EMEKA C. CHINWUBA | NOLA B. HELLER | 20 FENCHURCH STREET | WARREN NEWTON § | JOSHUA M. ZELIG |
| JOYDEEP CHOUDHURI * | CRAIG M. HOROWITZ | LONDON EC3M 3BY | DAVID R. OWEN | |
| JAMES J. CLARK | TIMOTHY B. HOWELL | +44 (0) 20 7920 9800 | JOHN PAPACHRISTOS | |
| CHRISTOPHER W. CLEMENT | DAVID G. JANUSZEWSKI | _____ | LUIS R. PENALVER | |
| AYANO K. CREED | ELAI KATZ | | SHEILA C. RAMESH | |
| PRUE CRIDDLE ± | JAKE KEAVENY | WRITER'S DIRECT NUMBER | MICHAEL W. REDDY | * ADMITTED AS A SOLICITOR IN ENGLAND AND WALES ONLY |
| SEAN M. DAVIS | BRIAN S. KELLEHER | | OLEG REZZY | ± ADMITTED AS A SOLICITOR IN WESTERN AUSTRALIA ONLY |
| STUART G. DOWNING | RICHARD KELLY | (212) 701-3435 | THOMAS ROCHER | ‡ ADMITTED IN DC ONLY |
| ADAM M. DWORKIN | CHÉRIE R. KISER ‡ | | THORN ROSENTHAL | § ADMITTED AS AN ATTORNEY IN THE REPUBLIC OF SOUTH AFRICA ONLY |
| ANASTASIA EFIMOVA | JOEL KURTZBERG | | TAMMY L. ROY | |
| SAMSON A. ENZER | TED B. LACEY | | JONATHAN A. SCHAFFZIN | |
| JENNIFER B. EZRING | MARC R. LASHBROOK | | ANDREW SCHWARTZ | |
| GERALD J. FLATTMANN JR. | ALIZA R. LEVINE | | DARREN SILVER | |
| | JOEL H. LEVITIN | | JOSIAH M. SLOTNICK | |

April 10, 2023

Re:   *Set Capital LLC, et al.,* v. *Credit Suisse Group AG, et al.*,
      No. 18-cv-02268 (AT) (SN)

Dear Judge Netburn:

We write in response to Plaintiffs' April 5, 2023 letter motion (ECF 267) ("Plaintiffs' Letter Motion"), seeking yet another extension of the fact discovery deadline, and further extensions of the schedule for Plaintiffs' anticipated motion to amend and expert disclosures, in this now five-year-old litigation. The Credit Suisse Defendants oppose Plaintiffs' request.

The deadline for fact discovery in this case has now passed. As set out in the current Amended Civil Case Management Plan and Scheduling Order (ECF 259), with the exception of two discrete discovery items,[1] all fact discovery in this case was supposed to "have been completed by February 28, 2023." Yet, Plaintiffs' April 5, 2023 Letter Motion now asks the Court to extend the fact discovery deadline once again until May 15, 2023, and raises for the first time additional discovery that Plaintiffs intend to take. Plaintiffs also seek a one-month extension for their anticipated motion to amend, which this Court previously ordered to be filed no later than April 21, 2023, *i.e.,* one week after the deadline to complete the limited outstanding discovery. Plaintiffs further seek an extension for the disclosure of their expert witnesses.

Plaintiffs appear to be requesting the additional month of discovery to allow for new not-yet-served discovery and a not-yet-filed motion to compel. Specifically, Plaintiffs indicate in their Letter Motion for the first time that they now intend to seek discovery of "four entities whose trading activity in XIV Notes was only recently unmasked by non-party Cboe." Letter Motion at 2 n.1. Plaintiffs omit the fact that Plaintiffs first subpoenaed the Chicago Board Options Exchange

---

[1] One of these outstanding items is the Rule 30(b)(6) deposition of Credit Suisse, which was noticed for the first time on February 23, 2023 and ordered by this Court on March 1, 2023 (ECF 252). The date agreed to by all parties to take this deposition is April 19, 2023. Accordingly, as Defendants communicated to Plaintiffs, Defendants are amenable to an extension of fact discovery from April 14, 2023 to April 19, 2023, solely for the purpose of completing that deposition. There is no need for a further extension.

CAHILL GORDON & REINDEL LLP

-2-

("Cboe") on September 21, **2021**, ECF 255 at 1–2, and did not move to "unmask" any Cboe data until February 22, 2023. Additional third party discovery at this late stage should not be granted.[2] Plaintiffs also note that they intend to file a motion to compel the production of the separation agreement of former Credit Suisse CEO, Tidjane Thiam, a document that was first raised ***over a month ago*** at Mr. Thiam's March 3, 2023 deposition. Plaintiffs further "reserve[] their right to seek further discovery arising out of" their late noticed Rule 30(b)(6) deposition and Mr. Thiam's month-old deposition. Letter Motion at 1 n.1.

This additional discovery, if granted, is not only untimely, it is futile. These requests—*i.e.*, third-party discovery from four XIV note holders and Mr. Thiam's separation agreement—have nothing to do with the claims asserted in the Amended Complaint, and Plaintiffs do not even attempt to offer a connection. Plaintiffs' efforts are nothing more than a fishing expedition to try to find some viable new theory in advance of Plaintiffs' anticipated motion to amend, now that discovery to-date has proven false the key premise of Plaintiffs' original claims – that Credit Suisse allegedly manipulated the market for VIX futures.[3]

Fact discovery has demonstrated that Credit Suisse did not do so (as Credit Suisse explained to Plaintiffs' counsel at the outset of fact discovery), and now Plaintiffs appear to speculate that perhaps others did, and that Credit Suisse should somehow have known about and prevented that. But Plaintiffs do not and cannot explain how fact discovery to date supports this newly-invented theory, and they should not be permitted to continue thrashing about. Credit Suisse has spent millions of dollars and five years defending against a case that has no merit, and Plaintiffs should not be allowed to extend this injustice any further. Plaintiffs offer no explanation whatsoever, much less a compelling one, for why the ordinary rules of civil litigation should be disregarded and fact discovery should proceed without end.

Defendants have been raising concerns about Plaintiffs' continual new discovery requests for months. *See, e.g.,* ECF 241, 248, 250. Recent extensions of the discovery deadline were agreed to for the limited and express purpose of accommodating certain discrete items. Yet, each new extension has led to additional discovery requests by Plaintiffs and further extensions of the fact discovery deadline. Enough is enough.

---

[2] *See, e.g.*, *Agapito* v. *AHDS Bagel, LLC*, 2018 WL 3216119, at *1 (S.D.N.Y. May 17, 2018) ("Service of a subpoena after the close of discovery is generally improper: 'parties may not issue subpoenas as a means to engage in discovery after the deadline has passed.'") (citation omitted); *In re Signet Jewelers Ltd. Sec. Litig.*, 2019 WL 5558072, at *1 (S.D.N.Y. Oct. 24, 2019) (holding that subpoena issued one day before fact discovery closed was not timely because "if the discovery now sought by the [s]ubpoena had been important to [the moving party, they] surely would have sought it far earlier in the discovery period").

[3] *See* Defendants' Feb. 27, 2023 Letter (ECF 248) at 1–2 ("As this Court is well aware, the theory set out in the Amended Complaint is that Credit Suisse allegedly manipulated the market by 'buy[ing] up approximately 105,000 VIX futures contracts—roughly one quarter of the entire VIX futures in the market—driving up the price of VIX futures and intentionally destroying the value of XIV' in the 15 minute period after the close of regular market trading on February 5, 2018.").

CAHILL GORDON & REINDEL LLP

-3-

Plaintiffs' request for an additional month to file their motion to amend is equally unwarranted. It is inexcusable, and prejudicial to Credit Suisse, for Plaintiffs to be seeking to now expand or otherwise amend the pleadings in this long-standing litigation; if Plaintiffs still intend to move to amend, they should do so on the April 21, 2023 date already ordered by this Court.

Plaintiffs' Letter Motion should be denied. At most, the fact discovery deadline should be extended from April 14 to April 19, 2023 solely for the purpose of completing the Rule 30(b)(6) deposition of Credit Suisse.

Respectfully submitted,

/s/ Herbert S. Washer
Herbert S. Washer

The Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**VIA ECF**

cc: All Counsel (via ECF)