# COHEN MILSTEIN

Laura Posner
(212) 220-2925
lposner@cohenmilstein.com

April 14, 2023

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Set Capital LLC, et al.*, v. *Credit Suisse Group AG, et al.*,
No. 18-CV-02268 (AT) (SN)

Dear Magistrate Judge Netburn:

  Pursuant to Rule III.F of Your Honor's Individual Practices in Civil Cases, the Lead Plaintiffs respectfully move for leave to redact and file under seal certain portions of Lead Plaintiffs' April 14, 2023, letter ("Letter") and certain exhibits attached thereto pursuant to Rule III.F of Your Honor's Individual Practices in Civil Cases and Paragraph 9 of the Stipulated Protective Order (Dkt. No. 157) (the "Protective Order").

  The Second Circuit has noted the "the court must balance competing considerations against" the weight of the presumption of public access. *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks and citations omitted). Lead Plaintiffs' Letter contains references and citations to certain information that was contained in the deposition testimony of Defendant Tidjane Thiam, dated March 3, 2023 (attached to the Letter as Exhibit B), which was designated on April 12, 2023 as "Confidential" by Defendants. In order for Lead Plaintiffs to appropriately set forth their arguments and the requested relief, Lead Plaintiffs must reference this deposition testimony.

  Defendants request that the Court maintain the confidentiality designation and that the letter be filed under seal, stating the following:

> Plaintiffs cited in their brief excerpts from Mr. Thiam's deposition regarding his departure from Credit Suisse that Defendants timely designated as Confidential under the Protective Order because they "constitute[] and reveal[] confidential . . .

COHENMILSTEIN

Page 2

proprietary business information, or non-public personal . . . information concerning individuals . . . ." Protective Order, Para. 2.5 (ECF. 157). Plaintiffs' counsel recognized the confidential nature of Mr. Thiam's testimony during the deposition, including when she elicited testimony from him regarding this very topic by giving him assurances that the transcript would be designated as confidential. *See* Tr. at 33:4-8 (MS. POSNER: "I don't see any reason why he can't speak to the basis for his departure. This transcript is confidential under the terms of the confidentiality agreement filed and entered by a federal court").

Lead Plaintiffs take no position at this time on whether Defendant Thiam's deposition transcript is properly designated as Confidential. They note, however, that Defendants' position proves why Lead Plaintiffs' motion for Defendant Thiam's separation agreement should be granted: any information relevant to the separation agreement or Defendants' Thiam departure from Credit Suisse can be designated as confidential under the terms of the Confidentiality Agreement.

Accordingly, Lead Plaintiffs respectfully request that the Letter be filed in redacted form and Exhibit B to the Letter be placed under seal.

Respectfully submitted,

*/s/ Laura H. Posner*
Laura Posner

*Counsel for Lead Plaintiffs and the Classes*