# COHENMILSTEIN

Laura Posner
(212) 220-2925
lposner@cohenmilstein.com

April 14, 2023

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Set Capital LLC, et al.*, v. *Credit Suisse Group AG, et al.*,
              No. 18-CV-02268 (AT) (SN)

Dear Magistrate Judge Netburn:

      We represent Lead Plaintiffs in the above-captioned litigation and respectfully submit this letter to request that the Court issue an order compelling the production of individual Defendant and former Credit Suisse CEO Tidjane Thiam's separation agreement from Defendant Credit Suisse which, according to Defendant Thiam, contains a non-disparagement provision that prevents him from testifying truthfully about Defendant Credit Suisse on certain topics, and *vice versa*.

      On October 15, 2021, Lead Plaintiffs issued their First Set of Requests for Production of Documents to Credit Suisse seeking, among other documents, "all Documents and Communications relating to Thiam's departure, resignation, or removal as the Chief Executive Officer . . ." *See, e.g.*, Exhibit A, at p. 9. On March 3, 2023, Lead Plaintiffs deposed Defendant Thiam. During the course of that deposition, Lead Plaintiffs learned for the first time that Defendants Thiam and Credit Suisse had entered into a separation agreement at the conclusion of Defendant Thiam tenure with Credit Suisse that had not been produced to Lead Plaintiffs. *See, e.g.*, Exhibit B, Thiam Tr. 34:8-23.[1] During the same deposition, Lead Plaintiffs also first became aware that Defendant Thiam's separation agreement with Credit Suisse included a non-

---

[1] [redacted]

disparagement clause. *See id.* at 71:12:25.[2] As discussed below, Defendant Thiam refused to answer – with the support of his counsel – multiple questions at his deposition regarding his opinion of Defendant Credit Suisse's actions, policies or procedures relevant to this case on the basis of his separation agreement, as well as the reasons for his departure from Credit Suisse.

Lead Plaintiffs have actively pursued this information after learning of the separation agreement and its non-disparagement clause given its relevance and implications on his testimony both during the deposition and expected at trial. Four days after Defendant Thiam's deposition, on March 7, 2023, the Parties met and conferred telephonically to discuss the prospect of Defendants producing Defendant Thiam's separation agreement for Lead Plaintiffs' review. Defendants refused to produce the agreement. A week later, on March 14, 2023, Lead Plaintiffs notified the Court concerning their right to seek discovery for anything arising out of Defendant Thiam's deposition (Dkt. No. 259, at p. 2 n.2) and specifically alerted the Court to this issue concerning the separation agreement on April 5, 2023 (Dkt. No. 267, at pp. 2-3 n.1).

Defendant Thiam's separation agreement is directly relevant to this litigation. Because Credit Suisse and Defendant Thiam are both defendants in this matter, their relationship – and any agreement precluding their disparagement of one another – are important to Lead Plaintiffs' prosecution of their case. An agreement that prevents an individual defendant from testifying on his views of the corporate defendant's "policies or doctrines" – in a matter involving the corporate defendant's allegedly reckless policies and conduct – is relevant both to that topic and, indeed to Defendant Thiam's credibility as a witness as a whole on any topic. The effects of the non-disparagement clause on Defendant Thiam's testimony are facially apparent. *See, e.g.*, Exhibit B, Thiam Tr. 72:21-73:3[3]; 73:10-22.[4]

Courts regularly order the production of such agreements, even when they are claimed to be confidential, because courts are able to impose protective orders like the one governing this matter to protect the confidentiality of the parties. *See, e.g., Bouygues Telecom, S.A. v. Tekelec, Inc.*, No. 4:05-CV-78-FL, 2006 WL 8438418, at *3 (E.D.N.C. Nov. 6, 2006) ("[Plaintiff] contends

---



[2] [redacted]

[3] [redacted]

[4] [redacted]

COHENMILSTEIN

Page 3

that the separation agreements of these two executives are discoverable because they contain non-disparagement clauses that are relevant to the credibility of the executives and [defendant's] state of mind. The Court finds that [plaintiff] has adequately demonstrated the relevance of any non-disparagement clauses in these two separation agreements, especially considering the somewhat less sensitive nature of non-disparagement clauses than other portions of an employee's file."); *Vance v. Hill*, No. 17-CV-3312, 2019 WL 1261094, at *2 (C.D. Ill. Mar. 19, 2019) (ordering production of confidential separation agreement, but requiring parties to propose a protective order); *Hepp v. Paul Revere Life Ins. Co.*, No. 8:13-CV-2836-T-17TBM, 2015 WL 1611761, at *2 (M.D. Fla. Mar. 23, 2015) (ordering production of separation agreements). Like indemnification agreements, which courts in this District have deemed relevant to a witness's credibility, *see, e.g.*, *Kaplan v. S.A.C. Cap. Advisors, L.P.*, No. 12-CV-9350 VM KNF, 2015 WL 5730101, at *2 (S.D.N.Y. Sept. 10, 2015), separation agreements are critical to understanding the context in which an individual defendant is providing testimony regarding its prior corporate defendant employer.[5]

Accordingly, Lead Plaintiffs respectfully request the Court order the production of Mr. Thiam's separation agreement.

We have conferred with Defendants, who oppose this request. We appreciate the Court's attention to this matter and are available to answer any further questions the Court may have.

Respectfully submitted,

*/s/ Laura H. Posner*
Laura H. Posner
*Counsel for Lead Plaintiffs and the Classes*

---

[5] Because the existence of this purported agreement created a significant obstacle to Lead Plaintiffs' ability to probe the credibility and motivations of Defendant Thiam as a witness (*see, e.g.*, Thiam Tr. 35:15-19; 39:19-24), Lead Plaintiffs have stated repeatedly in previous filings with this Court, *see* Dkt. No. 258-001 at 2 n.2; Dkt. No. 267 at 1 n.1, that they reserve their right to take further testimony from Defendant Thiam upon review of the agreement.