```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/9/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SET CAPITAL LLC, et al., Individually and on
Behalf of All Others Similarly Situated,

                Plaintiffs,          18-CV-02268 (AT)(SN)

    -against-                      **ORDER**

CREDIT SUISSE GROUP AG,
CREDIT SUISSE AG, CREDIT
SUISSE INTERNATIONAL,
TIDJANE THIAM, DAVID R. MATHERS,
JANUS HENDERSON GROUP PLC,
JANUS INDEX & CALCULATION SERVICES LLC,
and JANUS DISTRIBUTORS LLC d/b/a/
JANUS HENDERSON DISTRIBUTORS,

                Defendants.
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge**:

    Plaintiffs have filed numerous letters under seal without leave of the Court. See ECF Nos. 285, 287, and 291. The Court's Individual Practices, § III(F) – which is expressly cited in the parties' Stipulated Protective Order, ¶ 9 at ECF No. 157 – require that any party that wants to file a document under seal must seek leave of the Court. Accordingly, for each document a party wishes to file under seal, they must file a separate letter motion.[1]

**SO ORDERED.**

                                            SARAH NETBURN
                                            United States Magistrate Judge

DATED:    May 9, 2023
               New York, New York

---

[1] There is a presumption of public access for judicial documents, Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). Discovery motions, along with their exhibits, are judicial documents, and in any event it is the Court, not the parties, who must make that determination. See id. at 599; Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006).