UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SET CAPITAL LLC, et al., Individually and on
Behalf of All Others Similarly Situated,

                          **Plaintiffs,**                        **18-CV-02268 (AT)(SN)**

               -against-                                **ORDER**

CREDIT SUISSE GROUP AG,
CREDIT SUISSE AG, CREDIT
SUISSE INTERNATIONAL,
TIDJANE THIAM, DAVID R. MATHERS,
JANUS HENDERSON GROUP PLC,
JANUS INDEX & CALCULATION SERVICES LLC,
and JANUS DISTRIBUTORS LLC d/b/a/
JANUS HENDERSON DISTRIBUTORS,

                          **Defendants.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge**:

       Defendants move to quash seven non-party subpoenas noticed by Plaintiffs on April 18, 2023. Upon consideration of the parties' letters, ECF Nos. 288, 290-93, Defendants' motion is GRANTED.

       On April 5, 2023, Plaintiffs filed a letter motion seeking an extension of their deadline to move to amend the complaint, and an accompanying modification of the discovery deadlines. See ECF No. 267. In support of the extension of time to move for leave to amend, Plaintiffs cited a "need to involve their newly proposed plaintiff and counsel." Id. at 2. In support of the discovery extension, Plaintiffs represented that the Rule 30(b)(6) deposition of Defendant Credit Suisse could not occur earlier than April 19, 2023, beyond the then-operative discovery deadline of April 14, 2023. The Court granted Plaintiffs' request in part, extending the fact discovery deadline to April 19 and the deadline for Plaintiffs to file their motion for leave to amend to April 28, 2023. ECF No. 269.

Defendants argue that the Court's order constituted a denial of Plaintiffs' request for a general extension, and that by extending the fact discovery deadline a mere five days—to the earliest possible date for the Rule 30(b)(6) deposition—the extension was implicitly limited to that purpose.

Plaintiffs contend that they "notified the Court of [their] need and intent to serve the subpoenas and the Court did not qualify in any way its extension . . . to prevent such subpoenas." The notification Plaintiffs are referencing is the final sentence of a lengthy footnote in their April 5, 2023 letter motion; a sentence that did not ask for any relief. The Court is in the practice of reading every word of every application that comes before it, but a single sentence within a footnote is insufficient to "raise an issue" with the Court or influence interpretation of a subsequent order. See Weslowski v. Zugibe, 96 F. Supp. 3d 308, 314 (S.D.N.Y. 2015) ("[T]he Court also notes that, because the arguments appear only in footnotes, they are not properly raised, and the Court is under no obligation to consider them." (citing United States v. Restrepo, 986 F.2d 1462, 1463 (2d Cir.1993))).

Even accepting Plaintiffs' premise that the discovery deadline was extended "for all purposes," noticing the subpoenas at the eleventh hour was inappropriate, particularly where discovery has already been extended multiple times, Plaintiffs had expressed an intent to serve the subpoenas weeks earlier, and Plaintiffs already knew that Defendants would oppose any such subpoenas. See ECF No. 288-2. Plaintiffs seem to prefer begging forgiveness to asking permission—a preference the Court does not share. See ECF No. 294.

This case has been pending for more than five years, and the Court has liberally granted discovery extensions to date. Fact discovery concluded on April 19, 2023, and the Court will not

reopen it to allow for the late-serve subpoenas. Accordingly, Defendants' motion to quash is

GRANTED. The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 288.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   May 12, 2023
         New York, New York